BANK *v.* TURNBULL & Co.

Where a proceeding in a State court is merely incidental and auxiliary to an original action there—a graft upon it, and not an independent and separate litigation—it cannot be removed into the Federal courts under the act of 2d of March, 1867, authorizing under certain conditions the transfer of "suits" originating in the State courts.

ERROR to the Circuit Court for the District of Virginia; the case being thus:

By the statute law of the State just named, it is enacted, that when an execution has been levied, and a party other than the defendant asserts a claim to the property levied on, the sheriff, before proceeding to sell, may require of the plaintiff an indemnifying bond, upon the delivery of which the claimant of the property may execute "a suspending

bond," the effect of which is to delay the sale until the claim thereto can be adjusted. If the claimant desires that the property should remain in the same possession as when the levy was made, he may execute "a forthcoming bond," and thereupon the property remains in such possession at the risk of the claimant. This is the statute remedy to try in such case the right of property, and is termed *an inter-pleader*.

This statute being in force, the First National Bank at Alexandria, Virginia, obtained a judgment in the State Circuit Court for the county of Alexandria, against Abijah Thomas for $4700, with interest and costs. Upon this judgment an execution issued and was levied upon some cotton at Alexandria. Certain persons, to wit, Alexander and John Turnbull, *citizens of the State of Maryland*, with Alexander Reach, *a citizen of the State of New York*, trading together as Turnbull & Co., asserted a claim as owners of the property thus levied on, and, thereupon, the sheriff, before proceeding further under his levy, demanded of the plaintiff in the execution an indemnifying bond, which demand was complied with. Turnbull & Co., then caused to be executed both a suspending and forthcoming bond, thereby preventing a sale of the property levied on. Under authority of the statute, the Circuit Court of Alexandria, in which the judgment was rendered, upon the petition of Turnbull & Co., as claimants of the property, entered an order, directing an issue to be tried by a jury, to determine the right to the property thus levied on, and in such order adjudged that Turnbull & Co. should be plaintiffs on the trial of the issue. Before any further action, however, was taken under this order, Turnbull & Co. filed a petition to said court, praying for a removal of the suit to the Circuit Court of the United States for the District of Virginia. This petition was filed in virtue of the act of Congress of March 2d, 1867, which enacts:

"That where a *suit* is now pending or may hereafter be brought, in any State court in which there is a controversy between a citizen of the State in which the *suit* is brought and a citizen of another State, and the matter in dispute exceeds

$500, exclusive of costs, such citizen of another State, whether he be plaintiff or defendant, may [on compliance with certain conditions prescribed] file a petition in such State court for the removal of the *suit* into the next Circuit Court of the United States, to be held in the district where the suit is pending; and offer good and sufficient surety for his entering in such court on the first day of its session copies of all process, pleadings, depositions, testimony, and other proceedings in said suit, . . . and it shall be, thereupon, the duty of the State court to accept the surety, and proceed no further in the *suit*. And the said copies being entered as aforesaid in such court of the United States, the *suit* shall then proceed *in the same manner as if it had been brought there by original process.*"

The application to the State court was refused, and Turnbull & Co. thereupon petitioned the judge of the District Court at chambers for a mandamus to compel the removal. This being granted, the case was brought into the Circuit Court and there docketed.

Upon the calling of the case there, a motion was made by the counsel for the bank to dismiss the same for want of jurisdiction, which motion was overruled, and thereupon, a written stipulation was signed by the counsel of the respective parties providing that a jury should be waived, and the cause submitted to the decision and judgment of the court. Upon a full hearing of the case under such submission, the court decided, that the property in controversy was not liable to the execution of the bank, and gave judgment in favor of Turnbull & Co., with costs. To that judgment a writ of error was sued out from this court.

The record did not show that any process had been issued or declaration filed against the bank; or that the bank had pleaded, demurred, or otherwise answered.

On the calling of the case here, after the judges had looked at the record, the Chief Justice signified to the counsel that the court was not satisfied that the case had been one for removal under the act of March 2d, 1867, to the Circuit Court, and directed them to speak to that point.

Mr. *H. O. Claughton, for the plaintiff in error*, argued that

this was so, and that the Circuit Court below ought not to have received it, but to have left it with the County Court of Alexandria. The statutes, he argued, authorized the transfer of nothing but "a suit;" and in *West.* v. *Aurora City,*[*] this court had decided that the only sort of suit removable from a State court to the Federal court, was a suit regularly commenced by process served upon the defendant. There was nothing of that sort here. What was transferred was, in fact, not "a suit," but an incident to a suit, a collateral question springing out of it. That a proceeding incidental to another suit is not a "suit" within the spirit of the act, was settled by this court in *Gwin* v. *Breedlove,*[†] *Huff* v. *Hutchinson,*[‡] and *Freeman* v. *Howe.*[§]

*Mr. F. L. Smith, contra:*

In *The City Council of Charleston* v. *Weston,*[||] the question arose as to whether or not a *prohibition* was a *suit* within the meaning of the 25th section of the Judiciary Act. Marshall, C. J., in answer to this question, speaking for the court, says of the word *suit:*

·"The term is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but if the right is litigated between parties in a court of justice, the proceeding by which the decision is sought, is a suit."

In *Holmes* v. *Jennison,*[¶] Taney, C. J., delivering the opinion of the court, entirely concurs in this definition given by Chief Justice Marshall.

· Mr. Justice SWAYNE delivered the opinion of the court.

The bank recovered a judgment against Abijah Thomas for $4700, and interest, in the Circuit Court for the county

---

* 6 Wallace, 139.    † 2 Howard, 29.    ‡ 14 Id. 586.    § 24 Id. 450.
 || 2 Peters, 465; and see Cohens *v.* Virginia, 6 Wheaton, 413; and Ex parte Milligan, 4 Wallace, 2.
 ¶ 14 Peters, 540.

of Alexandria. A writ of fieri facias was issued to the
sheriff of that county, and was levied upon certain personal
property to satisfy the judgment. Turnbull & Co. claimed
the property as theirs. The plaintiff gave the sheriff an in-
demnifying bond and required him to sell. To prevent this
Turnbull & Co. gave him a suspending bond, and, in order
to have the property retained in the possession of Thomas,
also a forthcoming bond. Turnbull & Co. thereupon applied
to the Circuit Court of the county for leave to intervene in
the original suit, and to order an issue to try the right of
property. The prayer of the petition was granted, and an
order was made that a jury should be sworn to try the issue
whether the property levied upon belonged to Turnbull &
Co., or to Thomas, and that Turnbull & Co. should be re-
garded as the plaintiffs in the proceeding. Without avail-
ing themselves of this order Turnbull & Co. thereupon
applied to the Circuit Court for the county for an order to
remove the cause, under the act of Congress of 1867, to the
Circuit Court of the United States for that district. This
was refused, and they thereupon petitioned the judge of the
District Court of the United States, sitting at chambers, for
a writ of mandamus directed to the Circuit Court for the
county. The writ was allowed and issued, and the cause
was removed according to the prayer of the petitioners. In
the Circuit Court of the United States the bank moved to
dismiss for want of jurisdiction. The motion was overruled.
The parties thereupon waived a jury and submitted the
cause to the court. The court found for Turnbull & Co.,
and gave judgment in their favor. The bank took a bill of
exceptions, setting forth all the evidence, and excepting to
the judgment given.

Upon examining the record we find there was no process
issued against the bank, no declaration filed by Turnbull &
Co., and no plea or other written response by the bank.
The record is a blank as to these things.

It may well be doubted whether so informal a proceeding
as that presented by this record is a "*suit*" within the mean-

ing of the act of Congress under which the right of removal was claimed and allowed.* But, as we do not propose to place our judgment on that ground, it is not necessary to consider the subject.

Conceding it to be a suit, and not essentially a motion, we think it was merely auxiliary to the original action, a graft upon it, and not an independent and separate litigation. A judgment had been recovered in the original suit, final process was levied upon the property in question to satisfy it, the property was claimed by Turnbull & Co., and this proceeding, authorized by the laws of Virginia, was resorted to to settle the question whether the property ought to be so applied. The contest could not have arisen but for the judgment and execution, and the satisfaction of the former would at once have extinguished the controversy between the parties. The proceeding was necessarily instituted in the court where the judgment was rendered, and whence the execution issued. No other court, according to the statute, could have taken jurisdiction. It was provided to enable the court to determine whether its process had, as was claimed, been misapplied, and what right and justice required should be done touching the property in the hands of its officer. It was intended to enable the court, the plaintiff in the original action, and the claimant, to reach the final and proper result by a process at once speedy, informal, and inexpensive. That it was only auxiliary and incidental to the original suit is, we think, too clear to require discussion. We shall content ourselves with referring to some of the leading authorities which bear upon the subject.†

The judgment of the court below is REVERSED, and the cause will be REMANDED to that court with directions to enter a judgment of reversal, and then to remit the case to the Circuit Court for the county of Alexandria, whence it came.

Mr. Justice STRONG dissented.

---

* West *v.* Aurora City, 6 Wallace, 142.

† Gwin *v.* Breedlove, 2 Howard, 35; Freeman *v.* Howe, 24 Id. 460; Dunn *v.* Clarke, 8 Peters, 1; Williams *v.* Byrne, Hempstead, 472.