KING and others *v.* SHEPHERD and others.

*(Circuit Court, N. D. Iowa, E. D.* April Term, 1884.)

REMOVAL OF CAUSE TO FEDERAL COURT AFTER JUDGMENT GIVEN IN STATE COURT.
After judgment against defendant in a state court, plaintiff cannot have a removal of his cause to a federal court as against parties who have filed their petition of intervention.

Motion to Remand Cause.

*F. C. Platt* and *Henderson, Hurd & Daniels,* for plaintiffs.

*Gibson & Dawson* and *Robinson, Powers & Lacy,* for intervenors.

SHIRAS, J. The plaintiffs, Henry W. King & Co., filed a petition in the name of the copartnership, in the circuit court of Bremer county, Iowa, against A. Shepherd, upon whom personal service of the original notice was duly made, returnable to the February term, 1884, of that court. The action was aided by a writ of attachment against the property of the defendant Shepherd, which was levied upon certain goods and merchandise, and under which notices of garnishment were served upon the Bremer County Bank, the Bank of Waverly, A. Kretshmeier, and A. Coddington. On the fourth day of February, 1884, Charles Shepherd, the Bank of Waverly, and A. Kretshmeier, by leave of the circuit court, filed their several petitions of intervention, wherein they set forth that by virtue of several chattel mortgages duly executed to them by the defendant A. Shepherd, a lien in their favor was created upon the goods seized under the attachment as security for debts due them from the defendant A. Shepherd; that, as against their rights as mortgagees, the levy of the attachment was wrongful; and praying that the court make such order as may be necessary to protect their rights; that said property be discharged from the levy of the attachment, and be appropriated to the payment of the mortgage claims due to the intervenors; and that they recover costs. On the eighth day of February, 1884, the plaintiffs filed answers to the several petitions of intervention, denying the rights set up under the chattel mortgages. The defendant Shepherd failed to appear on the return-day of the notice, and default was entered against him on the eighth day of February, 1884, but no judgment was entered on the cause of action. On the same day, to-wit, February 8th, a petition for the removal of the cause into the federal court was filed on behalf of plaintiffs, and on the first day of March the court granted the application, and ordered the removal of the entire cause, including the case against the defendant, the garnishees, and the intervenors. The record having been duly filed in this court, the intervenors move at this term to remand the cause to the state court.

In support of this motion, it is urged, in the first instance, that the questions at issue between the plaintiffs and the intervenors are

v.20,no.6—22

simply auxiliary to the main cause, and do not themselves constitute a controversy that can be removed from the state to the federal court; and that the interventions were filed under the provisions of section 3016 of the Code of Iowa; and that the questions raised thereby are to be disposed of in a summary way in connection with the original action between plaintiffs and defendant. It will be noticed that the defendant, garnishees, and intervenors are all citizens of Iowa,. and plaintiffs are citizens of Illinois. Had the application for the removal of the cause been filed before default was entered against the defendant, no reason exists why the entire case could not have been removed. The entry of default, however, it is claimed, terminated the right of removal so far as the main cause is concerned.

In *Keith* v. *Levi*, 1 McCrary, 343, S. C. 2 FED. REP. 743, it was ruled that if a defendant filed a stipulation in the state court admiting the claim sued on, the cause could not, as between the plaintiff and defendant, be removed to the federal court. Granting that the same result follows from a default entered upon a failure to appear or answer, the question then arises whether the issues between the plaintiffs and intervenors are removable to this court, and, if so, whether the entire cause is thereby removable.

In *Keith* v. *Levi* the defendant, under the Missouri statute, filed a plea in abatement, denying the facts upon which a writ of attachment had been issued, and the court held, notwithstanding the admission of the main cause of action, that the issue presented by the plea in abatement might be removed, provided it was shown that the requisite amount was involved.

In *Buford* v. *Strother*, 3 McCrary, 253, S. C. 10 FED. REP. 406, and *Poole* v. *Thatcherdeft*, 19 FED. REP. 49, it is ruled that a proceeding in garnishment is merely auxiliary to the original action, and when the latter cannot be removed, the former cannot be. In both these cases judgment had been entered up in the state court against the defendants, and the garnishee proceedings were supplemental thereto.

In *Bank* v. *Turnbull*, 16 Wall. 190, it was held that where a proceeding in a state court is merely incidental, and auxiliary to an original action in that court, it cannot be removed to the federal court under the act of 1867. In this case it appeared that the First National Bank of Alexandria had obtained a judgment in the state court against one Abijah Thomas, upon which execution had been issued and levied upon certain cotton. Turnbull & Co. asserted a claim thereto as owners, and gave bond, as required by the statutes of Virginia; and under the provisions of the statutes in question the state court ordered an issue to be tried before a jury to determine the right to the property levied on. Thereupon Turnbull & Co. filed a petition for the removal of the cause. The supreme court held that the proceeding was auxiliary and incidental to the original suit, and therefore not removable; reaching this conclusion upon the ground that

the proceeding was under the state statute, and necessarily brought in the court which rendered the original judgment, and was, in fact, a proceeding to enable the state court to determine whether its process had been misapplied.

The rule thus laid down by the supreme court is adverse to the right of removal on the part of the intervenors in the present cause, for the object and purpose of the intervention is exactly the same as that sought to be accomplished by the intervenors in the case decided by the supreme court. If, therefore, neither the intervenors nor garnishees could remove the case, it is not properly in the federal court unless the right of removal existed as against the defendant. A default having been entered against the defendant, in the state court, this terminated the right of removal as against the defendant, under the ruling in *Keith* v. *Levi, supra.*

It follows that the motion to remand is well taken, and the cause must be remanded to the state court.