## AMERICAN AUTOMOBILE INS. CO. v. FREUNDT et al.

### No. 6761.

Circuit Court of Appeals, Seventh Circuit.
April 27, 1939.

614

A. R. Peterson and Walter W. Ross, Jr., both of Chicago, Ill., for appellant.

Paul E. Price and William McKinley, both of Chicago, Ill., and Guy C. Guerine, of Melrose Park, Ill., for appellees.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

This appeal is from an order of the District Court dismissing plaintiff's complaint which sought a declaratory judgment pursuant to the Federal Declaratory Judgment Act of 1934.[1]

The following facts are disclosed by the allegations of the complaint. The plaintiff, an automobile liability insurance carrier, issued a policy of insurance to defendant, Michal. The policy covered a certain Ford automobile owned by Michal, and carried a "hired automobile endorsement" which provided for coverage under certain circumstances if the insured should become liable for the operation of a car hired by him. During the life of the policy one of the assured's employees, while driving his own car, injured Freundt, the other defendant. Subsequently, Freundt obtained a judgment for damages for his injuries in the Circuit Court of Cook County against Michal and his employee.

Freundt and Michal contend that the insurance policy issued by plaintiff gave coverage to Michal for the accident. Also the complaint alleges that the defendants had employed attorneys for the purpose of filing garnishment proceedings against the plaintiff upon the judgment obtained by Freundt, and that they are asserting claims and causes of action against the plaintiff on the policy of insurance. It is alleged in the complaint that the plaintiff contends and maintains that the plaintiff has incurred no liability to either of defendants. The principal prayer of the complaint is that the court declare the rights of the defendants under the policy of insurance issued to Michal.

The District Court sustained the motion to dismiss the complaint, stating its reason as follows: "The Court being further of the opinion that each and all of the defenses alleged to exist appear to be available to the plaintiff in the action now pending in the state court between the defendants, and that the relief sought herein will interfere with an action which is now pending in the state courts, and the Court being of the opinion that this is not a proper case for declaratory relief because of the pendency of the action in the state court between the defendants Freundt and Michal; * * *"

Garnishment procedure pursuant to judgment is authorized by statute in Illinois.[2] The garnishment procedure takes the form of a supplemental proceeding in the suit which has resulted in judgment and affords a means of collecting the judgment by summoning a debtor of the judgment debtor, and, thereby, making available assets of the judgment debtor in the possession or control of his debtor. The nature of the garnishment proceeding has been stated by the Supreme Court of Illinois to be as follows: "Garnishment is an ancillary proceeding in the nature of process to obtain satisfaction of a judgment rendered in the principal action or proceeding. * * * It is a statutory proceeding * * *."[3]

Also in Freeport Motor Casualty Co. v. Madden[4] the court stated: "It is not an independent proceeding, but is ancillary or auxiliary. It depends upon another

---

[1] 28 U.S.C.A. § 400.

[2] Ch. 62, Secs. 1-32 Illinois Revised Statutes, 1937.

[3] First National Bank of Palatine v. Hahnemann Institutions of Chicago, 356 Ill. 366, 369, 190 N.E. 707, 709.

[4] 354 Ill. 486, 489, 188 N.E. 415, 417.

proceeding in law or equity. It is entirely remedial, and is resorted to either in aid of a pending action or in aid of an execution issued on a judgment already recovered."

The Illinois proceeding is much the same as that involved in the case of First Nat. Bank v. Turnbull & Co.[5] That case involved a statutory proceeding under a Virginia statute which provided that in the event execution was levied on property and a third party claimed to be the owner thereof the issue of ownership may be tried in the pending case. In denying an attempt to remove such an issue to a federal court the Supreme Court stated that such proceeding "was merely auxiliary to the original action, a graft upon it, and not an independent and separate litigation."

It is not questioned that the Illinois garnishment proceeding would afford an opportunity to determine the exact question which plaintiff seeks to have determined in an independent litigation under the Federal Declaratory Judgment Act. But plaintiff urges that the allegations of his complaint state a cause of action for declaratory relief under the Federal Declaratory Judgment Act, that the District Court has jurisdiction of the subject matter and parties, and, consequently, is under a mandatory duty to hear and determine the cause. On the other hand the defendants contend that even though the complaint may state a cause of action for relief under the Declaratory Judgment Act, the District Court may in the exercise of a sound judicial discretion refuse to grant the relief. Our inquiry then reduces to two questions: (1) May the District Court, in the exercise of sound discretion, refuse to grant declaratory relief; and (2) if it may, did the District Court in the instant case exercise a sound discretion in dismissing plaintiff's complaint?

■ The Act provides that the courts of the United States "shall have power upon petition * * * to declare rights and other legal relations * * *"; and there is ample authority for the general proposition that a grant of authority or power to a public officer to act for the benefit of individuals is a mandate to exercise such power or authority. But the general proposition is not a rule of formula, and whether any particular legislative grant of power carries with it a mandate to exercise the power depends upon the legislative intent as revealed by the language of the grant. The problem is similar to that of determining legislative intent in the use of the permissive term "may." Judicial decisions have recognized that in legislative usage "may" is used in both a permissive and mandatory sense.[6] In Suburban Light & Power Co. v. Board of Aldermen of the City of Boston,[7] "shall" was held to have a permissive meaning, the court stating: "While the word 'may,' in statutes, has been construed as 'shall' in many cases, * * * the word 'shall' has not often been construed as 'may,' and as importing only a power or authority."

■ Ordinarily a court having jurisdiction over parties and subject matter is under a duty to exercise its jurisdiction in a case falling within the purview of the jurisdiction. This necessarily results when there is no court of concurrent jurisdiction. Our judicial system is society's civil substitute for self-help as a method of settling disputes, righting wrongs, and protecting individual rights. It would be inconsistent with, and tend to frustrate the most fundamental objectives in the creation of courts for courts to decline to exercise jurisdiction when such denial would leave to aggrieved parties only the remedy of self-help. The courts, taking cognizance of the needs of society which gave rise to the judicial system, have been inclined, generally, to find a legislative purpose to require the exercise of jurisdiction where jurisdiction is conferred without qualifications or conditions. Early decisions were characterized by zealous regard for the protection of jurisdiction and some decisions went so far as to invalidate arbitration agreements because the courts considered such agreements to be a means of ousting them of their rightful jurisdiction. But recent expressions by the Supreme Court of the United States have indicated a more liberal attitude and have made clear that a grant of power to a court does not impose upon that court an absolute duty to exercise the power in all cases which fall within its purview. In

---

[5] 16 Wall. 190, 195, 83 U.S. 190, 21 L. Ed. 296.

[6] See State ex rel. Greaves v. Henry, 87 Miss. 125, 40 So. 152, 5 L.R.A.,N.S., 340, for compilation of cases.

[7] 153 Mass. 200, 26 N.E. 447, 448, 10 L.R.A. 497.

616

Kansas City Southern Railway Company v. United States[8] the Supreme Court expresses its view as follows: "But the existence of jurisdiction does not mean that it must be exercised and that grounds may not be shown for staying the hand of the Court." And in Canada Malting Co., Ltd. v. Paterson Steamships Ltd.[9] it was stated: "Obviously, the proposition that a court having jurisdiction must exercise it, is not universally true. * * *"

In Rogers v. Guaranty Trust Company of New York[10], the court held that "While the District Court had jurisdiction to adjudge the rights of the parties, it does not follow that it was bound to exert that power. * * * It was free in the exercise of a sound discretion to decline to pass upon the merits of the controversy and to relegate plaintiff to an appropriate forum. * * * But it safely may be said that jurisdiction will be declined whenever considerations of convenience, efficiency, and justice point to the courts of the state of the domicile as appropriate tribunals for the determination of the particular case."

But the recent decisions do not authorize a court to refuse arbitrarily to exercise jurisdiction when its jurisdiction is invoked by appropriate proceeding. A federal court must exercise its jurisdiction in the absence of a showing of facts which constitute a recognized legal ground for a refusal to pass upon the merits of the cause which properly is before it.

A state court having jurisdiction over parties and subject matter will abate an action before it if the same action already is pending in another court of the same state.[11] This cannot be reconciled with a rigid rule of thumb that the conferring of jurisdiction carries an inflexible mandate to exercise it. And while, as between courts of different states, the rule of abatement for pendency of prior suit generally is not recognized, there are a few instances of its recognition.[12]

As between state and federal courts, federal courts do not recognize the rule of abatement. In McClellan v. Carland, Judge,[13] the Court stated that "The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, for both the state and Federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different states the Federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court· may also have taken jurisdiction of the same case."

But the decisions which reject the rule of abatement for pendency of prior action do not rest upon the rule that a court must exercise its jurisdiction. The reasons usually assigned in support of the non-abatement rule "are that the court of the one state or country cannot judicially know whether the rights of the plaintiff are fully recognized or protected in such foreign state or country, nor whether the plaintiff can enforce to full satisfaction any judgment he may obtain in the foreign tribunal; and further, that a court will not compel a plaintiff to seek his remedy in a foreign forum; or, as it is said by the supreme court of Connecticut in Hatch v. Spofford, 22 Conn. 485, 58 Am.Dec. 433: 'That country is undutiful and unfaithful to its citizens, which sends them out of its jurisdiction, to seek justice elsewhere.' "[14]

The foreign jurisdiction reason for non-abatement seems especially unsubstantial as between a federal court and a state court when the federal court's jurisdiction is based upon diversity of citizenship and when in the adjudication of the controversy the federal court must apply the law of the state. And in Radford v. Folsom, supra, this reason was rejected, the court· stating that "the same statutory and common law is enforced by both tribunals, and it cannot be said that if a party is relegated to the state court for the enforcement of his rights, that he is thereby sent into a foreign state or country."

In construing legislative grants of power or jurisdiction courts have not ignored the purposes and reasons for such grants; and have refused to give to the phrases "shall have power," or "shall have juris-

8 282· U.S. 760, 763, 51 S.Ct. 304, 306, 75 L.Ed. 684.

9 285 U.S. 413, 422, 52 S.Ct. 413, 415, 76 L.Ed. 837.

10 288 U.S. 123, 130, 53 S.Ct. 295, 298, 77 L.Ed. 652, 89 A.L.R. 720.

11 1 Amer. Juris. Sec. 14, p. 27.

12 1 Amer. Juris. Sec. 39, p. 42.

13 217 U.S. 268, 30 S.Ct. 501, 505, 54 L.Ed. 762. See 1 Amer.Juris. Sec. 40, p. 44.

14 Radford v. Folsom, C.C., 14 F. 97, 98, 99, 101.

diction" the effect of an absolute mandate to exercise such power or jurisdiction. Congress has enacted that "The Supreme Court shall have power to issue writs of prohibition to the district courts, when proceeding as courts of admiralty and maritime jurisdiction. * * *"[15] This grant of power does not leave the Supreme Court without discretion as to its exercise.[16] Also Congress has provided that courts of the United States "shall have power to issue writs of habeas corpus." 28 U.S.C.A. § 451. But here, too, there is a measure of discretion in the exercise of the power.[17]

Federal and state courts generally have held that where two suits have been commenced which are in rem or quasi in rem, with the result that in order to proceed with the cause a court's officers have taken possession of, or must exercise dominion over, property which is the subject of litigation, the jurisdiction of one court must yield to the other.[18] This has been considered a rule of comity or necessity "to the harmonious cooperation of federal and state tribunals." But a rule which permits a court to refuse to exercise its jurisdiction on grounds of comity or "harmonious cooperation of federal and state tribunals" is inconsistent with a rule that a grant of jurisdiction contains an inexorable command to exercise it.

There are other situations in which the United States Supreme Court has held that federal courts should not exercise their jurisdiction when state courts enjoy concurrent jurisdiction.[19] But the foregoing discussion and the specific instances to which we have referred are sufficient to establish that under the decisions of the United States Supreme Court the existence of jurisdiction over the subject matter of a class of cases does not impose upon a court an absolute duty to exercise its jurisdiction whenever invoked in a case of the class.

In the instant case the legal justification for refusal to exercise jurisdiction may be found in the legislative purpose of the grant of power as well as the more general considerations of comity as between federal and state courts. The Supreme Court has held that the Declaratory Judgment Act is not jurisdictional but procedural only; and that it merely grants authority to courts to use a new remedy in causes over which they have jurisdiction. The roots of declaratory procedure are found in equity procedure, chiefly in the quia timet relief. The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum. It was not intended by the act to enable a party to obtain a change of tribunal and thus accomplish in a particular case what could not be accomplished under the removal act, and such would be the result in the instant case. As stated above the question which plaintiff is seeking to have determined in the instant declaratory suit can be settled in the threatened garnishment proceeding in the state court and the general rule as to removal in this type of proceeding is as follows: "If under that law (state law) the garnishment does not partake of the nature of an independent litigation but is merely auxiliary to and a dependency of the main action, supplemental to that action and a means of securing a satisfaction of the judgment rendered therein, it is not within the removable suits * * *"[20] Such a proceeding is not considered a "suit of a civil nature at law or in equity" within the meaning of the removal act.[21]

The precise question here presented has not been passed upon by the Supreme Court; but the decisions of state and lower federal courts almost uniformly hold that there is a measure of discretion.[22] In an authoritative work it is stated that "* * * the court will re-

---

[15] 28 U.S.C.A. § 342.

[16] See cases cited under 28 U.S.C.A. § 342, p. 188.

[17] Goto et al. v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Mooney v. Holohan, Warden, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; 12 R. C.L. § 44, p. 1226.

[18] Princess Lida v. Thompson, 305 U. S. 456, 59 S.Ct. 275, 83 L.Ed. —; 14

Amer. Jur. Sec. 245, p. 437.

[19] See Vol. XIV Indiana Law Journal p. 366.

[20] 1 Cyc. of Fed. Procedure, Sec. 176.

[21] 28 U.S.C.A. § 71, et seq. First Nat. Bank v. Turnbull & Co., supra.

[22] 16 Amer. Juris. Sec. 14, p. 287; 1 C. J. Secundum, Actions, § 18, p. 1033 and authorities cited; 87 A.L.R. 1212, and previous annotations therein cited; Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321.

fuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances."[23] And in the same text, p. 110, it is stated that " * * * where the defendant's action is about to begin or has begun, it serves no sensible end to permit a plaintiff to appear as equitable actor and start the proceedings for an autonomous declaration that he has a good defense to his opponent's pending or imminent action."

Plaintiff urges that the case of Western Casualty & Surety Co. v. Beverforden[24] is in point. But the decision in this case rests upon Columbian National Life Ins. Co. v. Foulke,[25] an earlier case of the same circuit; and we are of the opinion that the decision of the Court of Appeals in both cases rests upon the sound proposition that the existence of another remedy by an independent action which may be asserted in the future by the defendant does not bar declaratory relief. In the later case of Western Casualty & Surety Co. v. Beverforden, supra, judgment had been recovered against an insured and the insurer sought a declaration to the effect that its policy did not cover the liability of the insured. The District Court dismissed on the ground that the defense of the insurer could be asserted in any action at law "which might be brought by the * * * (judgment creditor) against the * * * (insurer) to recover the amount of her judgment." The Court of Appeals reversed, saying that "This court, in Columbian Nat. Life Ins. Co. v. Foulke, * * * * has held to the contrary." In neither of the foregoing cases did the Circuit Court of Appeals of the Eighth Circuit pass upon the question of the existence of discretion in the District Court.

In Ohio Casualty Ins. Co. v. Gordon[26] an insured had caused injury to two persons. One insured obtained judgment and in garnishment obtained judgment against the insurer. The other injured person obtained judgment but took no further steps; and about two years afterwards the insurer sought a declaration of rights. The Court of Appeals held that certain issues presented in the declaration suit could not have been litigated in the prior actions, that the court had jurisdiction to declare the rights in respect thereto, and that the insurer "was entitled to invoke" the Declaratory Judgment Act. The opinion discloses that the material consideration was that all the questions presented in the declaratory suit could not have been litigated in prior actions.

The statements of the Court of Appeals of the Fifth Circuit in its opinion in the case of Carpenter et al. v. Edmonson,[27] support plaintiff's contention in the instant case. In that case the plaintiff had issued disability insurance to the defendant and prior to the institution of a declaratory action the insured had commenced a suit at law in a state court to collect four installments of the disability benefits. The District Court dismissed the declaratory suit of plaintiff, insurer, which sought a declaration that the policy was void. The Court of Appeals reversed the District Court and in its opinion stated that "Even if the two suits involved the identical matter, * * * we think it plain that under the Declaratory Judgment Act * * * the petition stated a cause of actual controversy, as to which the court's jurisdiction was invoked, and of which it was bound to take cognizance." In the course of its opinion the court stated that the suit in the federal court was quite different from that in the state court, but the statement that the District Court was bound to take cognizance, and presumably adjudicate, the controversy presented by the declaratory suit, "even if the two suits involved the identical matter", cannot be reconciled with a construction of the Declaratory Act which would allow any discretion to the District Court to refuse to grant remedial relief when the facts alleged reveal an actual controversy within the meaning of the Act.

The recent case of Maryland Casualty Co. v. Consumers Finance Service, Inc.[28] bears upon our problem. The District Court dismissed a petition for declaratory relief and upon appeal this action was reversed by the Court of Appeals. The Court of Appeals held that the granting of declaratory relief is discretionary and that

---

[23] Borchard, "Declaratory Judgments," p. 109.

[24] 8 Cir., 93 F.2d 166, 168.

[25] 8 Cir., 89 F.2d 261.

[26] 10 Cir., 95 F.2d 605, 610.

[27] 92 F.2d 895, 897.

[28] 3 Cir., 101 F.2d 514, 516.

it may be refused if it is sought merely to determine the issue of a prior pending action, but that it may not be refused merely on the ground that another remedy is available. The reversal rested upon the ground that "The question as to the duty of the * * * [insurer] to defend * * * [action against insured]" could not be adjudicated in the prior pending action.

It will be noted that the facts in the foregoing case do not present the same situation as is found in the instant case. In the instant case the duty or right of the insurer to participate in the defense of the suit against the insured is not involved since such suit already has gone to judgment without objection by the insurer. The only remaining question in which the insurer is interested is whether the judgment creditor can realize upon the contractual obligation of the insurer to protect the insured. Under the law of Illinois as applied to the facts of this case this question can be adjudicated in the pending suit against the insured.

It is clear from the report of the Senate Judiciary Committee that the Committee understood that under the proposed Act the district courts would enjoy a measure of discretion in the matter of granting or withholding declaratory relief.[29] The report recites that the conditions and limitations upon the rendering of declaratory judgments "are well stated in the case of Braman v. Babcock, 1923, 98 Conn. 549, 120 A. 150, 151." One of the conditions stated by the Connecticut Court is that the court be "of the opinion that the parties should not be left to seek redress in some other form of procedure."

In Aetna Casualty & Surety Co. v. Quarles, supra, the wife of an insured brought suit in a state court against him for damages on account of injuries received while riding with insured in his automobile. Pending the suit the insurer sought a declaration in a federal district court that it was not bound to defend the action or pay any judgment that might be obtained. Pending the declaration suit the damage action proceeded to judgment. The judgment creditor then brought an independent action against the insurer, such a suit being authorized by the terms of the policy. The plaintiff in the suit for damages filed a motion in the federal court to dismiss the declaratory action. The district court sustained the motion on the ground, among others, that the controversy was one that could more properly be adjudicated in the judgment creditor's action. Upon appeal to the Circuit Court of Appeals, the District Court's dismissal was upheld on the ground that the District Court had a measure of discretion in the matter of granting declaratory relief.

We are convinced of the soundness of the reasoning and conclusion of the Fourth Circuit Court of Appeals in the foregoing case. The opinion emphasizes that the discretion allowed by the Act "should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations"; but the opinion also emphasizes that declaratory relief should not be granted when the result is a "piecemeal trying of the controversies without benefit to anyone"; or when the remedy is invoked "merely to try issues or determine the validity of defenses in pending cases."

We conclude that under the Declaratory Judgment Act the granting of relief rests in the sound discretion of the District Court. And under the facts of this case we are of the opinion that the District Court exercised sound judicial discretion in sustaining the motion to dismiss.

The judgment is affirmed.

[29] Senate Judiciary Report No. 1005, 73rd Congress, 2nd Session.