**WAUSAU INSURANCE COMPANIES,**
**Plaintiff,**

v.

**KOAL INDUSTRIES INTERNATIONAL,**
**INC., Defendant,**

**Asland Cement Corporation and Asland,**
**S.A., Garnishee Defendants.**

**No. EV 91–160–C.**

United States District Court,
S.D. Indiana,
Evansville Division.

Dec. 16, 1991.

David M. Shaw, Mitchell Staser & Shaw, Evansville, IN, for Wausau Ins. Companies.

W.C. Wilson, III, Henderson, KY, for Koal Industries Intern. Inc.

F. Wesley Bowers, Bowers Harrison Kent & Miller, Evansville, IN, for Asland Cement Corp. and Asland, S.A.

## MEMORANDUM

BROOKS, Chief Judge.

This matter comes before the court on Wausau Insurance Companies's (Wausau) Motion for Remand and on cross motions for sanctions. Wausau argues this case should be remanded to Vanderburgh Superior Court because it is a garnishment action, because garnishment actions are ancillary and supplemental to the enforcement of the underlying state court judgment, and because ancillary proceedings are not removable to federal district court. Asland Cement Corporation and Asland, S.A. (Garnishee Defendants) answer that the nature of garnishment actions are determined by federal not state law, that garnishment actions are independent proceedings, and are therefore removable to federal district court.

Wausau cites three cases in support of its argument. The first is *First National Bank v. Turnbull & Co.*, 83 U.S. (16 Wall.) 190, 21 L.Ed. 296 (1873). *First National Bank* is not a garnishment case. Though it is unclear what dimensions the *First National Bank* case now has, it is clear that it has been subsequently limited *by Bondurant v. Watson*, 103 U.S. 281, 26 L.Ed. 447 (1880) and has not been found to be binding precedent in two circuits which have addressed this garnishment removal issue. *London & Lancashire Indemnity v. Courtney*, 106 F.2d 277 (10th Cir.1939), *Stoll v. Hawkeye Casualty*, 185 F.2d 96 (8th Cir.1950).

The second case Wausau cites is *American Auto Insurance Co. v. Freundt*, 103 F.2d 613 (7th Cir.1939). Though *American Auto* classifies a garnishment proceeding as auxiliary or independent based upon the removal state's characterization of the proceeding, *Federal Savings & Loan Ins. v. Quinn*, 419 F.2d 1014 (7th Cir.1969), while not citing *American Auto*, nevertheless makes it clear that this determination is a federal question based on the interpretation of the removal statutes and is not determined by state law characterizations.

Though the Seventh Circuit has not yet directly addressed whether a garnishment proceeding is auxiliary or independent under the removal statutes, several other circuits have concluded that garnishment proceedings are independent actions. *Berry v. McLemore*, 795 F.2d 452 (5th Cir.1986), *Randolph v. Employers Mutual Liability Ins.*, 260 F.2d 461 (8th Cir.1958), *Swanson v. Liberty National Ins.*, 353 F.2d 12 (9th Cir.1965), *Cf. Joe v. Marcum*, 621 F.2d 358 (10th Cir.1980).

The third case Wausau cites is *Overman v. Overman*, 412 F.Supp. 411 (E.D.Tenn. 1976). In light of the prevailing standard set by several circuits and because Wausau has not presented any arguments which would lead this Court to conclude that the Seventh Circuit would fail to follow prevailing law in the other circuits on this point, this Court declines to find *Overman* persuasive. The Motion for Remand is denied.

Since the prevailing standard among the circuits is to permit removal of a garnishment action, Wausau's Motion for Sanctions is not well taken. Since the Seventh Circuit has not directly addressed this point of law, the Garnishee Defendant's Motion for Sanctions is not well taken. Both Motions for Sanctions are denied.