**HARDING HOSPITAL, Plaintiff,**

v.

**Paul SOVCHEN, Defendant,**

**The Travelers Companies, Garnishee Defendant.**

**No. IP 94–1201–C–H/G.**

United States District Court, S.D. Indiana, Indianapolis Division.

Nov. 29, 1994.

William F. Thompson, Indianapolis, IN, for plaintiff.

Mark E. Schmidtke, Valparaiso, IN, for defendant.

## ENTRY ON MOTION TO REMAND

HAMILTON, District Judge.

This case comes before the Court on the motion of plaintiff Harding Hospital to remand the case to the Marion Circuit Court where it was pending when the garnishee defendant removed it. The central issue is whether the garnishment proceeding in state court was sufficiently independent of the underlying action so as to be separately removable to federal court. The Court concludes that this garnishment action for health insurance benefits under an employee welfare plan subject to ERISA is sufficiently independent. Because the case was otherwise properly removed, the motion to remand is denied.

### Background

This case began in the Marion Circuit Court as *Harding Hospital v. Paul Sovchen,* Cause No. 49C01–9403–CP–0934. Plaintiff Harding Hospital claimed it provided medical care to Paul Sovchen based on the belief that the care would be paid for by health insurance Sovchen received through his employment with Amtrak. The insurer declined coverage, so the care was not reimbursed. Harding Hospital sued Sovchen in the Marion Circuit Court. Sovchen never appeared, and the hospital obtained a default judgment against him for $18,928.86.

On July 22, 1994, Harding Hospital filed in the Marion Circuit Court proceeding its "verified Motion for Proceedings Supplemental" naming The Travelers Insurance Company ("Travelers") as a garnishee defendant. The motion alleged that Sovchen had "wages, assets, income, profits, or other non-exempt property, due or to become due" from Travelers. The same day, the Marion Circuit Court issued an order to Travelers to appear in court and to "answer as to any wages, assets, profits and other non-exempt property which can be applied toward satisfaction of this judgment." Travelers filed its Notice of Removal on August 12, 1994, asserting that the garnishment claim is a claim for benefits that necessarily arises under ERISA and is a matter of federal question jurisdiction. See *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65–66, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987). Harding Hospital has moved to remand, asserting that its claims are based on state law.

### Discussion

If Sovchen were suing Travelers for his own health insurance benefits under the employee welfare plan, his own action would plainly arise under federal law and would be removable. *Metropolitan Life,* 481 U.S. at 67, 107 S.Ct. at 1548. Similarly, if Sovchen had assigned his health insurance rights to Harding Hospital by contract, the hospital could have brought an independent action to enforce any such rights, and such a hypothetical action would also be removable.[1] The question in this case is whether a garnishment proceeding by a judgment creditor to obtain those same insurance benefits also arises under federal law and is a sufficiently independent "civil action" so as to be removable under 28 U.S.C. § 1441 separate from the hospital's underlying lawsuit against Sovchen.

Under 28 U.S.C. § 1441, only "independent suits" are removable, and "supplementary" proceedings are not. *Federal Savings & Loan Insurance Corp. v. Quinn,* 419

---

1. If Sovchen had appeared in the state court and filed a third party complaint against Travelers, however, it is at least doubtful in this circuit that the action could have been removed. *See Thom-* as *v. Shelton,* 740 F.2d 478, 486 (7th Cir.1984) (third party defendant could not remove case under § 1441(c)).

F.2d 1014, 1018 (7th Cir.1969). In *Wausau Insurance Co. v. Koal Industries International, Inc.*, 811 F.Supp. 399 (S.D.Ind.1991), Judge Brooks held that an Indiana garnishment action was sufficiently independent to be removable. As Judge Brooks showed, the Seventh Circuit has not decided this question. See 811 F.Supp. at 400, comparing *American Auto Insurance Co. v. Freundt*, 103 F.2d 613 (7th Cir.1939) (classifying garnishment action as auxiliary or independent based on state's characterization, but without deciding removal issue), with *Federal Savings & Loan Insurance Corp. v. Quinn*, 419 F.2d at 1018 (issue of independence decided as matter of federal law). In *Wausau Insurance*, Judge Brooks recognized a split of authority on this question and chose to follow the majority of cases from other circuits treating garnishments as independent actions. 811 F.Supp. at 400.

In some respects, an Indiana garnishment proceeding appears to be merely ancillary or supplemental to the original lawsuit. Indiana has described garnishment as "a mere incident" of the underlying action, *Tippecanoe Loan & Trust Co. v. Carr*, 40 Ind. App. 125, 78 N.E. 1043, 1044 (1906) (citing *Robbins v. Alley*, 38 Ind. 553 (1872)), and the garnishment proceeding in this case was begun under the original cause number through a motion for proceedings supplemental pursuant to Indiana Rule of Trial Procedure 69(E). Such proceedings supplemental are generally expedited under Indiana law. See *Arnold v. Dirrim*, 398 N.E.2d 442, 449 (Ind. App.1979) (hearing twenty days after service is proper). For some procedural purposes loosely similar to federal removal, Indiana has refused to treat such proceedings supplemental as new and independent civil actions. *Id.* at 449–50 (person who was party to original action had no right to automatic change of venue); *Citizens National Bank v. Harvey*, 167 Ind.App. 582, 339 N.E.2d 604, 608–10 (1976) (garnishments under Trial Rule 69 are "not independent actions," so defendant not entitled to new service of process). But *cf. North v. Newlin*, 435 N.E.2d 314, 318 (Ind.App.1982) (because proceeding supplemental is "an independent action," parties may not attack underlying judgment).

In addition to Indiana's treatment of garnishment proceedings, the more general modern trend toward restricting federal removal jurisdiction may weigh against treating garnishments as independently removable proceedings. Some federal courts that have remanded garnishment proceedings have expressed concern about the burdens of dealing with "sometimes minor matters" such as garnishment. See *Richmond v. Allstate Insurance Co.*, 624 F.Supp. 235, 237 (E.D.Pa. 1985). See generally *Western Medical Properties Corp. v. Denver Opportunity, Inc.*, 482 F.Supp. 1205, 1207 (D.Colo.1980) (where state treated garnishment as ancillary proceeding, removal was improper); *Overman v. Overman*, 412 F.Supp. 411, 412 (E.D.Tenn. 1976) (garnishment treated as ancillary proceeding and not removable).

The Supreme Court and Seventh Circuit offer relatively little guidance on the treatment of garnishment actions for these purposes. In *Bank v. Turnbull & Co.*, 83 U.S. (16 Wall.) 190, 21 L.Ed. 296 (1873), the Supreme Court held it was error for a district court to allow removal of a special statutory proceeding used to try ownership of certain property that had been seized to execute on a judgment. The Court found that the proceeding was "only auxiliary and incidental to the original suit" and could not be removed independently. 83 U.S. at 195. While the action was not strictly speaking a garnishment action, it certainly had the hallmarks of a garnishment, so *Turnbull & Co.*, considered in isolation, counsels against removal. In *Bondurant v. Watson*, 103 U.S. 281, 26 L.Ed. 447 (1880), however, the Court appeared to sharply limit its earlier decision. In *Bondurant*, one Watson claimed title to land that the sheriff had seized and advertised for sale to satisfy a judgment against Bondurant. Watson sought an injunction to prevent the sheriff's sale of land he claimed was his. Bondurant removed the proceeding, and the Supreme Court upheld the removal. The Court recognized that Watson had not been a party to the original judgment, and his action to "prevent being turned out of possession of his own land" could not be called "incidental or auxiliary to the original case." 103 U.S. at 287. The *Bondurant*

Court distinguished *Turnbull & Co.* as follows:

> That was a statutory proceeding to try in a summary way the title to personal property seized on execution. It was nothing more than a method prescribed by the law to enable the court to direct and control its own process, and, as decided by this court, was merely auxiliary to, and a graft upon, the original action.

103 U.S. at 287. In each case, however, the dispute in the proceeding that had been removed concerned the rights of a third party, a stranger to the underlying suit. Also, in each case, the third party's asserted rights did not appear to depend on the merits of the underlying suit. And while the *Bondurant* Court described the proceeding in *Turnbull & Co.* as "summary," the procedure had provided for trial by jury to determine the title to the disputed property. 83 U.S. at 191.

The Seventh Circuit has not specifically addressed the removability of garnishment proceedings. In *American Auto Insurance Co. v. Freundt,* the Seventh Circuit relied on Illinois courts' characterizations of garnishment in describing a garnishment proceeding as "supplemental," "ancillary," and "auxiliary," and the court supported its description by citing *Turnbull & Co.* See 103 F.2d 613, 614–15 (7th Cir.1939). *American Auto* concerned use of the federal Declaratory Judgment Act, however, and the comments on garnishment and *Turnbull & Co.* were *dicta.* More recently, the Seventh Circuit has held that federal law governs the question whether a proceeding is a "civil action" that is removable. *Federal Savings & Loan Insurance Corp. v. Quinn,* 419 F.2d at 1018. *Quinn* did not deal with garnishments, however.

Many other federal courts have considered the removability of garnishments. While the cases are divided, it appears the majority of cases allow such removals. See, *e.g., Stoll v. Hawkeye Casualty Co.,* 185 F.2d 96, 98 n. 1 (8th Cir.1950) (collecting older cases); *Wausau Insurance,* 811 F.Supp. at 400; *Action Auto Stores, Inc. v. United Capitol Insur-*

*ance Co.,* 1992 WL 21203 at *3 (W.D.Mich. 1992); *McIntosh v. Scottsdale Ins. Co.,* 1991 WL 228344 at *2 (D.Kan.1991); *International Org. of Masters, Mates & Pilots of America, Local No. 2 v. International Org. of Masters, Mates & Pilots of America, Inc.,* 342 F.Supp. 212, 214 (E.D.Pa.1972) (garnishment cases "hopelessly divided in their results and reasoning"). An examination of the cases shows that the proceedings called "garnishments" that have been removed have included a variety of different situations raising different pragmatic concerns. In *Richmond v. Allstate Insurance,* for example, the issues in the removed garnishment proceeding were issues that had already been addressed in the state court action. 624 F.Supp. at 237–38. Under these circumstances, the garnishment proceeding was not deemed a "civil action" and was remanded.

As noted, the Seventh Circuit has held that whether a particular proceeding is a removable "civil action" is a question of federal law. *Quinn,* 419 F.2d at 1018. The state's own characterization of its garnishment proceeding as "ancillary" or "independent" might be helpful, but cannot be decisive. More relevant than the state's characterization are the procedures the state actually provides. In *Graef v. Graef,* 633 F.Supp. 450, 452 (E.D.Pa. 1986), for example, the court denied remand after finding that the state garnishment proceeding allowed an issue of fact to be joined and was an adversary proceeding calling for a judgment independent of the underlying cause of action. In *Action Auto Stores, Inc.,* the court denied remand after looking at the actual garnishment procedures available under state law. Because the procedures treated garnishment as a separate civil action, where new parties with different interests litigated new issues, the garnishment was removable. 1992 WL 21203 at *2–3. Accord, *Stewart v. EGNEP (Pty), Ltd.,* 581 F.Supp. 788, 790 (C.D.Ill.1983) (garnishees could remove where they had interests and defenses distinct from those raised in underlying suit).[2]

---

2. Cf. *Pinellas County v. Great American Management & Investment, Inc.,* 762 F.Supp. 221, 223–24 (N.D.Ill.1991) (dismissing garnishment proceeding originally filed in federal court on grounds that under state law, garnishment is merely ancillary or supplemental).

█ Whether a garnishment proceeding is a removable "civil action" cannot be decided by labels. The determination requires a look at both the procedures available and the nature of the dispute. Where the garnishment procedures allow for adversarial litigation of disputed issues, and where the garnishment action involves a new party and disputed rights and issues not decided by the state court, removal should be permitted. See *Action Auto Stores,* 1992 WL 21203 at *2–3; *Bridges v. Bentley,* 716 F.Supp. 1389, 1391–92 (D.Kan.1989); *Graef v. Graef,* 633 F.Supp. at 452–53 (E.D.Pa.1986); *Richmond v. Allstate Insurance,* 624 F.Supp. at 237–38; *Moore v. Sentry Insurance Co.,* 399 F.Supp. 929, 931 (S.D.Miss.1975). This approach cannot reconcile all the conflicting cases on removal of garnishment proceedings, but it should make the removability issue turn on the substance of the dispute rather than on accidents of labeling, the conclusory characterization of the proceeding for some other purpose, or the plaintiff's litigation strategy.

█ As noted above, Indiana garnishment proceedings have been labeled as "mere incidents" of underlying cases, and, in some other respects, are treated as supplemental and ancillary by the state courts. However, under the Indiana garnishment procedures, garnishment requires separate service of process and formal pleadings to establish disputed issues where the garnishee claims a right to the property. Discovery appears to be available, and a garnishment judgment appears to be separately appealable. See generally Ind.Code §§ 34–1–11–20 to –49; Ind. Trial Rule 69(E). Although the proceedings are most often speedy and not controversial, they clearly provide for litigation of new and independent issues and claims.

In this case, the issues presented in the garnishment proceeding are distinct and independent from those in the underlying suit. In its action against Sovchen, Harding Hospital needed to prove only that it provided medical services to Sovchen, that he implicitly or explicitly agreed to pay for them, and that he had failed to pay for them. In the garnishment removed to this Court, the issue concerns the scope of the coverage provided to Sovchen by the Travelers health insurance policy. While the pleadings thus far do not disclose the precise issue, it is clear that the coverage issue is quite distinct from any issue raised in the state court action. There is no sign here that the garnishee is asking this Court to decide issues that a state court has already decided, or otherwise to interfere with the state court judgment.

Because the garnishment proceedings under state law allow for adversarial litigation of disputed issues of law and fact, and because this garnishment proceeding involves a new party and presents legal and factual issues new and independent of those in the underlying suit, the Court concludes that this garnishment proceeding is a "civil action" for purposes of 28 U.S.C. § 1441. The issue of coverage under an employee welfare plan arises under federal law, so the garnishment proceeding was properly removed to this Court. The plaintiff's motion to remand is DENIED. In view of the foregoing split of authority, albeit on an issue plaintiff did not brief, the defendant's request for sanctions under 28 U.S.C. § 1927 is also DENIED. See also Fed.R.Civ.P. 11(c) (as amended in 1993) (request for sanctions under Rule 11 must be served at least 21 days before it is filed with the Court). The Court will enter a separate order setting a pretrial conference in this matter.

So ordered.