Larry D. JOHNSON, Plaintiff,

v.

Carol L. WILSON, Defendant,

Enterprise Rent–A–Car and Fireman's Fund Insurance Company, Garnishee Defendants.

CAUSE NO. TH 01–0257–C T/H.

United States District Court, S.D. Indiana, Terre Haute Division.

Jan. 25, 2002.

Keith L. Johnson, Johnson Law Office, Terre Haute, IN, for Plaintiff.

Dennis F. Cantrell, Bingham Summers Welsh & Spilman, Indianapolis, IN, for Defendants.

### Entry On Verified Motion To Remand

TINDER, District Judge.

This cause comes before the court on Plaintiff's Verified Motion To Remand, which is opposed by Garnishee Defendants. The court decides as follows.

Plaintiff, Larry D. Johnson, sued Defendants, Carol L. Wilson, and Enterprise Rent–A–Car ("Enterprise") in the Owen Circuit Court, Indiana, for injuries he sustained in a motor vehicle collision that occurred on February 8, 1998. The Complaint alleged negligence in the operation of the vehicle driven by Ms. Wilson. At the time of the collision, Ms. Wilson was driving the vehicle under the influence of drugs. She later was charged and convicted of operating a motor vehicle while in-

toxicated in violation of Indiana Code § 9–30–5–2.

Counsel for Enterprise, Dennis F. Cantrell and Heather Bolejack Mickens of the law firm of Bingham Summers Welsh & Spilman, entered an appearance on behalf of Enterprise and Ms. Wilson. Thereafter, Ms. Wilson obtained other counsel, and Enterprise's counsel withdrew their appearance on her behalf.

Ms. Wilson had rented the vehicle driven at the time of the collision from Enterprise pursuant to a Rental Agreement under which she requested supplemental liability protection. Mr. Johnson's theory against Enterprise was never clearly stated. In a January 24, 2001, letter to Mr. Johnson's lawyer, counsel for Enterprise wrote: "After reviewing the face of the complaint, it is clear that Plaintiff does not allege nor does he have any claim for negligent entrustment against Enterprise Rent–a–Car. Accordingly, Enterprise Rent–a–Car is not a proper defendant to this case." (Garnishee Defs.' Resp. Pl.'s Verified Mot. Remand, Ex. J at 1.) In response, Mr. Johnson's lawyer wrote on January 25, 2001: "I concur that my theories of possible negligence against Enterprise have not developed. Thus, regarding the underlying tort action it does not appear that Enterprise was negligent or that Wilson was your agent." (Id., Ex. L at 1.) What remained was a dispute between Mr. Johnson and Enterprise with respect to whether Enterprise could have some secondary liability rather than some independent liability to Mr. Johnson. Under Indiana law, Mr. Johnson could not bring a direct action against Enterprise as a part of the underlying negligence action. See Rausch v. Reinhold, 716 N.E.2d 993, 1002 (Ind.Ct.App.1999) (holding that an injured third party does not have the right to bring a direct action against a tortfeasor's liability insurer); Araiza v. Chrysler Ins. Co., 703 N.E.2d 661, 662 (Ind.Ct.App.1998) (stating that direct actions by an injured third-party against the insured's insurer are not allowed in Indiana).

Enterprise has maintained that Ms. Wilson's operation of the vehicle while intoxicated was a breach of the Rental Agreement. Upon Mr. Plaintiff's counsel's request for confirmation of liability limits, Enterprise's counsel in a letter to Plaintiff's counsel stated: "Defendant Carol Wilson selected supplemental liability protection.... Enterprise is a self-insured entity with supplemental liability limits available in the amount of one million dollars." (Garnishee Defs.' Resp. Pl.'s Mot. Remand, Ex. P.)

On Mr. Johnson's motion, Enterprise was dismissed from the case. Thereafter, Enterprise participated in a mediation. Allstate, Ms. Wilson's insurer, agreed to pay its policy limits to Mr. Johnson. The Mediator's Report To Court states that following trial on damages, "Counsel for Plaintiff will ... file a garnishment action against Fireman's Fund/Enterprise for any judgment in excess of" $50,000 and "Enterprise reserves the right to go against Defendant Wilson for such amounts...." (Id., Ex. T.) Nothing in the mediator's report suggests that the secondary liability claim between Mr. Johnson and Enterprise was resolved.

The case proceeded to bench trial on Plaintiff's damages, and Plaintiff obtained a judgment against Defendant Wilson in the amount of $432,920.42 plus costs. Of that sum, $50,000 has been received as partial payment, leaving a balance of $382.920.42, thus well in excess of $75,000. Enterprise did not participate in the trial.

On October 3, 2001, Plaintiff Johnson filed an Affidavit In Garnishment against Garnishee Defendants, Enterprise and Fireman's Fund Insurance Company ("Fireman's Fund"), the third-party ad-

ministrator of Enterprise claims. The Affidavit alleges that the Garnishee Defendants owe the judgment to Plaintiff pursuant to a supplemental liability protection policy with policy limits of $1,000,000.

Upon filing their Notice Of Removal on November 3, 2001, Garnishee Defendants removed this action to this court, pursuant to 28 U.S.C. §§ 1441, 1446, alleging diversity jurisdiction. Plaintiff's Verified Motion To Remand followed.

The issue presented by the motion to remand is whether this garnishment proceeding is removable. It is removable if it is a "civil action" of which the court has original jurisdiction. 28 U.S.C. § 1441(a). Garnishee Defendants contend 28 U.S.C. § 1332 grants the court original jurisdiction, as the matter in controversy exceeds $75,000 and the parties are of diverse citizenship. Plaintiff does not dispute that the amount in controversy and diversity of citizenship requirements of § 1332 are satisfied. Rather, he contests whether this garnishment proceeding is a removable "civil action".

■ Federal rather than state law controls as to whether a proceeding is a "civil action" removable under § 1441. *See Fed. Savs. & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1018 (7th Cir.1969). The concept of "civil action" in this context is created by federal removal law, and is not derived from state law. Thus, an Indiana court's characterization of a garnishment proceeding as ancillary, *see Grubnich v. Renner*, 746 N.E.2d 111, 116 (Ind.Ct.App. 2001) ("Proceedings supplemental are a continuation of the original cause of action and are not a new and independent civil action.") (quotation omitted), is not controlling on the issue presented in this case.

■ Garnishment proceedings under Indiana law may be removable. *See, e.g., Harding Hosp. v. Sovchen*, 868 F.Supp. 1074, 1078 (S.D.Ind.1994); *Wausau Ins.*

*Cos. v. Koal Indus. Int'l, Inc.*, 811 F.Supp. 399, 400 (S.D.Ind.1991). However, the determination of whether a particular garnishment proceeding may be removed "requires a look at both the procedures available and the nature of the dispute." *Harding Hosp.*, 868 F.Supp. at 1078. A garnishment proceeding may be removed where "the garnishment procedures allow for adversarial litigation of disputed issues, and where the garnishment action involves a new party and disputed rights and issues not decided by the state court...." *Id.* As Judge Hamilton found in *Harding Hospital*, Indiana garnishment procedures allow for adversarial litigation of disputed issues of fact and law. *Id.* The garnishment procedures available at the time of the *Harding Hospital* decision remain available today. *See* Ind.Code §§ 34–1–11–20 to –49; Ind. T.R. 69(E). Plaintiff does not dispute this.

■ Plaintiff argues, though, that this proceeding involves no new parties and no new issues. The court disagrees. Enterprise originally was a defendant to the state court action, but it was dismissed on Plaintiff's motion before trial. No judgment was entered against Enterprise. Plaintiff's initial theory of liability against Enterprise was not reduced to judgment in the state court litigation. In contrast to his initial theory alleged against Wilson and Enterprise (whatever it might have been), Plaintiff now asserts a new theory of responsibility, that is, the agreement to provide supplemental liability protection. That theory was not presented for adjudication in the case until Plaintiff was awarded his judgment against Wilson on October 3, 2001. Thus, Enterprise is properly considered a new party to these proceedings. *Cf. Berry v. McLemore*, 795 F.2d 452, 455 n. 2 (5th Cir.1986) (concluding defendant town was third party in garnishment pro-

ceeding where although it was an original defendant to underlying state court litigation, the court directed a verdict in its favor and dismissed claims against it). As for Fireman's Fund, it was never a party to the state court action. Plaintiff's claim that Fireman's Fund is an agent of Enterprise does not change this simple fact. Thus, Fireman's Fund is a new party to these proceedings.

Plaintiff argues that Enterprise was only dismissed upon its counsel's representations that it was self-insured and provided $1,000,000 in "available liability limits" for Ms. Wilson. Having reviewed the letter of Enterprise's counsel to Plaintiff's counsel, the court finds that counsel made no representation in that letter that it would provide coverage for Ms. Wilson. Instead, counsel's letter merely confirmed that Ms. Wilson selected supplemental liability protection with limits of $1,000,000. Thus, *Fire Insurance Exchange v. Bell by Bell,* 643 N.E.2d 310 (Ind.1994) (holding had a right as a matter of law to rely on material misrepresentations of defense counsel that defendant would pay the policy limits), is inapposite.

█ The court finds that this garnishment proceeding involves disputed rights and issues unresolved by the state court, principally whether coverage of the judgment Plaintiff obtained against Ms. Wilson is available under the Rental Agreement's supplemental liability protection. A garnishee plaintiff must prove coverage in a garnishment proceeding. *See, e.g., Hermitage v. Salts,* 698 N.E.2d 856, 859 (Ind.Ct. App.1998). Plaintiff has not supported his conclusory assertion that "coverage has been established" with any evidence. As stated, no judgment was entered against Enterprise (or for that matter Fireman's Fund). Enterprise's reservation of the right to proceed against Ms. Wilson following trial of Plaintiff's damages provides further support for its position that it has not conceded coverage. Issues of fact and law regarding coverage under the Rental Agreement's supplemental liability protection remain to be resolved in this action.

Plaintiff maintains that Enterprise remained primarily liable for Ms. Wilson's negligence and Allstate provided secondary or excess protection, citing Indiana Code § 27–8–9 *et seq.* However, the court doubts that Ms. Wilson would be considered a "permittee" such that Indiana Code § 27–8–9–7 would apply; Indiana Code § 27–8–9–9 governing leased motor vehicles is more apt to apply. Even if Indiana Code § 27–8–9–7 were applicable, Enterprise maintains that Ms. Wilson's use of the vehicle was not within the terms of the Rental Agreement. If her use was beyond the scope of the permission granted her, Enterprise's coverage would not be primary under Indiana Code § 27–8–9–7(b) ("the owner's motor vehicle insurance coverage is considered primary if both of the following apply: (1) The vehicle, at the time damage occurred, was operated with the permission of the owner of the motor vehicle. (2) The use was within the scope of the permission granted."). At best, these matters may be in dispute, subject to determination in the garnishment proceeding. By no means have the factual underpinnings of Plaintiff's asserted theory in this regard been established, nor has Enterprise waived its opportunity to contest them.

Plaintiff argues that Enterprise and Fireman's Fund had the right to defend Ms. Wilson and protect its interest, but chose not to. But Enterprise is not an insurer and Plaintiff has not offered any document or other evidence to establish that Enterprise assumed any duty to defend Ms. Wilson.

The court concludes that, this garnishment proceeding, just as in *Harding Hospital,* 868 F.Supp. at 1078, involves new

parties and raises legal and factual issues not decided in the state court litigation. Consequently, this action is removable, and Plaintiff's motion to remand is DENIED.

This case will be set for a pretrial conference under a separate order.