**E. A. ADRIAENSSENS, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,**
Appellee.

**Marie EPPERSON, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,**
Appellee.

**Nos. 5790, 5791.**

United States Court of Appeals
Tenth Circuit.

Aug. 11, 1958.

H. G. Bill Dickey, Tulsa, Okl. (S. Joe Richard, Tulsa, Okl., was with him on the brief), for appellants.

Thomas R. Brett, Tulsa, Okl. (Robert D. Hudson, Tulsa, Okl., was on the brief), for appellee.

Before BRATTON, Chief Judge, and MURRAH and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

E. A. Adriaenssens and Marie Epperson, father and daughter, each instituted in the state court in Oklahoma an action against L. R. Phillips for the recovery of damages for personal injury sustained in a traffic accident. Phillips died during the pendency of the actions and they were revived in the name of the administrator of his estate. Judgment for plaintiff was entered in each case. About five years later, Adriaenssens and his daughter instituted in the state court these actions against Allstate Insurance Company, a corporation organized under the laws of Illinois, to recover upon a policy of liability insurance issued to Phillips in which the insurer obligated itself to pay on behalf of the insured all sums within specified limits which the insured should become obligated to pay as damages because of bodily injury sustained by any person caused by accident arising out of the ownership, maintenance, or use of his automobile. The actions were removed to the United States Court upon the ground of diversity of citizenship with the requisite amount in controversy. One defense interposed in each case was fraud in the procurement of the policy. Specifically, it was pleaded that in the application for the policy, Phillips falsely represented that his driver's license had never been revoked. The causes were consolidated for trial and were tried to the court without a jury. The court found among other things that the representation was made in the application for the policy; that it was untrue; that the driver's license of the insured had been twice revoked because of drunken driving; that the representation was material; that it was relied upon by the insurer; and that the policy would not have been issued if the revocations of the license had been disclosed. Judgment was entered in each case denying recovery upon the policy; separate appeals were perfected; and the causes were submitted in this court upon a single record.

The jurisdiction of the court to entertain the actions on removal from the state court is challenged. Treating the actions as being merely supplemental proceedings in the nature of garnishment for the collection of the judgments

rendered in the state court, it is argued that they were not subject to removal. A like contention was advanced in London & Lancashire Indemnity Co. of America, v. Courtney, 10 Cir., 106 F.2d 277. There the holder of an unpaid judgment rendered in a state court in Oklahoma caused to be issued and served a writ of garnishment against a foreign corporation for the purpose of subjecting to the payment of the judgment the obligation of the garnishee under its policy of indemnity protection. The garnishee caused the proceeding to be removed upon the ground of diversity of citizenship with the requisite amount in controversy. The removability of the proceeding was challenged by motion to remand. It was held in terms too clear for misunderstanding that the proceeding was in effect an original and independent action; and that diversity of citizenship with the requisite sum in controversy being present, the proceeding was removable. In like manner, these actions were original and independent actions between the holders of the judgments and the insurer. The issue between the parties was whether the insurer was liable under its policy issued to one who made a false representation of a material nature in order to obtain the coverage. And, being original and independent actions of that kind with diversity of citizenship and the requisite sum in controversy, they were open to removal. London & Lancashire Indemnity Co. of America v. Courtney, supra.

■ The further contention advanced is that under an applicable statute of Oklahoma, 47 O.S.1951 § 521(f), upon the occurrence of the traffic accident with resulting injury to appellants, the liability of the appellee upon its outstanding policy of insurance became absolute and could not thereafter be defeated upon the ground of fraud in the application. But the provision in the statute fixing absolute liability under a motor vehicle liability policy is limited to insurance coverage furnished pursuant to a requirement to furnish proof of financial responsibility in compliance with 47 O.S.

1951 §§ 519, 520. United States Fidelity & Guaranty Co. v. Walker, Okl., 329 P.2d 852. There is no suggestion that the insured had ever been required to furnish proof of financial responsibility or that the policy issued to him had ever been certified under section 519 or 520; and therefore the provision contained in section 521(f) fixing absolute liability is without application.

■ The substance of another contention advanced is that since the application for the insurance was not attached to the policy it was not admissible in evidence and the insurer could not rely upon it for any purpose. Reliance is placed upon 36 O.S.1951 § 808 to sustain the contention. The statute was in force at the time of the accident but has since been repealed. Section 9, page 238, Laws of 1955, O.S.1955 Supp. 300. The statute provided in presently pertinent part that every policy of insurance provided for by the Act should be issued upon the signed application of the person or persons sought to be insured; and that unless a correct and complete copy of the application was attached to or endorsed on the policy when delivered, the contents of the application, or any part thereof, should not be admitted in evidence on behalf of the insurer for any purpose. The section of the statute was part of the chapter relating to accident and health insurance. Section 801 of such chapter expressly limited the chapter to policies of insurance against loss or expense from sickness, or from bodily injury or death by accident. And therefore a policy of automobile liability insurance of the kind involved here did not come within the purview of section 808.

■■ Appellants invoke the doctrine of estoppel to prevent the appellee from relying upon fraud or misrepresentation in the application for the insurance. One ground of estoppel urged is that the appellee had constructive knowledge of the information available to it through the Department of Public Safety of Oklahoma; that a check of the record of the applicant for the insurance could and should have been made with such depart-

ment, particularly in view of the statement contained in the application that the applicant had been arrested for a traffic violation; and that failure to make such investigation estops appellee. The duty to investigate where notice of a fact or facts indicate misrepresentation is a relative one depending upon the particular situation. But, absent exceptional or unusual circumstances, an insurer engaged in the business of issuing automobile liability insurance is not required in every case under peril of estoppel to make inquiry at the proper state agency with respect to official records throwing light upon the truth or falsity of the representation in the application that the driver's license of the applicant has never been revoked. And the statement in the application that the applicant had been fined $10.00 for running a red light, together with the further word of explanation that the light changed on him, did not require the insurer under pain of estoppel to make inquiry at the state agency or elsewhere as to whether the license of the insured had been revoked. The plea of estoppel upon the ground of failure to investigate was not well founded.

■■ Two other grounds of estoppel urged may be considered together. One is that a representative of the appellee secured repair estimates upon the automobile of appellants which was involved in the traffic accident and authorized the making of the repairs but later declined to pay the charge and appellants were thus required to pay it. And the other is that attorneys for appellee filed on behalf of the insured an answer in each of the two original cases in the state court and continued to act as attorneys for the insured for awhile after learning the facts with respect to the misrepresentation in the application for the insurance. Estoppels are equitable in nature. And it is essential to the appropriate application of the doctrine of equitable estoppel that the party against whom the plea is directed acted or failed to act with knowledge of the facts, or that he was in such position that he should have

known them. Davies v. Lahann, 10 Cir., 145 F.2d 656; Chisholm v. House, 10 Cir., 183 F.2d 698. There was no showing here that at the time the repair estimates were obtained, at the time the making of the repairs was authorized, or at the time the answers were filed on behalf of the insured, appellee knew or was in such position that it should have known of the misrepresentation in the application for the insurance. Instead, it is a fair inference from the record as a whole that all of such acts took place before appellee learned or was in such position that it reasonably should have learned that the application contained the misrepresentation.

And the attorneys withdrew as attorneys for the insured months before entry of the judgments in the original cases. Accordingly, the asserted grounds of estoppel are without solid footing.

■ Finally, complaint is made that the court erroneously placed upon appellants the burden of proof respecting the issue of fraud in the application for the policy of insurance. It is argued that the court in effect required appellants to prove that there was no fraud on the part of the insured. Of course, the burden rested upon the appellee to establish by evidence its affirmative defense of fraud on the part of the insured. Recognizing such burden, the appellee introduced in evidence the application signed by the insured and containing the representation that his driver's license had never been revoked. Appellant introduced in evidence official records showing that on two separate occasions the driver's license of the insured had been revoked upon the ground of drunken driving. And it was stipulated that if a representative of appellee from its office in Kansas City, Missouri, were present he would testify that he was familiar with the policies of the company in respect to issuing insurance to persons whose driver's license had been revoked; that in determining whether to issue a policy, appellant relied upon the representations contained in the application; and that the policy in question would not have

been issued if the appellant had known of the revocations of the license issued to the insured. That evidence—considered in its entirety—was sufficient to establish a prima facie case of fraud on the part of the insured in obtaining the issuance of the policy. The court did not place upon appellants the burden of proof respecting the issue of fraud. Instead, the court merely determined that appellee introduced evidence establishing a prima facie case of fraud which was not met or overcome by persuasive countervailing evidence.

The judgments are severally

Affirmed.