George **SWANSON**, Appellant,

v.

**LIBERTY NATIONAL INSURANCE COMPANY** and Guaranty National Insurance Company and Melvin Sharp, Appellees.

No. 18946.

United States Court of Appeals
Ninth Circuit.

Nov. 2, 1965.

Robert A. Parrish, Karl L. Walter, Millard F. Ingraham, Fairbanks, Alaska, for appellant.

Edward A. Merdes, R. J. McNealy, Fairbanks, Alaska, for appellee.

Before CHAMBERS, Circuit Judge, MADDEN, Judge of the Court of Claims, and MERRILL, Circuit Judge.

CHAMBERS, Circuit Judge.

In a negligence action in the Fourth Judicial District of the Superior Court of Alaska, Swanson, a citizen of Alaska, obtained a judgment against one Sharp for about $39,000. We are told that that judgment has become final. Liberty National, now absorbed into Guaranty National, had a ten thousand dollar liability policy insulating Sharp at least to that extent.

After obtaining the judgment against Sharp, as permitted by the Rules of Practice in Alaska, Swanson in the same state cause ran a garnishment against Liberty and Guaranty seeking the entire judgment amount, now exceeding $39,000, not just $10,000.[1] Swanson has a legal theory that the insurance companies subject to the garnishment are liable to Sharp in the full amount of his damage and

1. At the time the garnishment was run, a motion for a new trial on the issue of Sharp's liability to Swanson was pending. We are told the motion was later denied and the Swanson-Sharp judgment became final.

thence, because of special circumstances, to him. Of course, the companies do not admit it.

The companies want to try the issue of liability of the excess over the $10,000 limit [2] in the United States District Court for the District of Alaska. (Swanson wants the issue tried in the state court.) The companies, citizens of states other than Alaska, removed the garnishment facet of the proceedings to the federal district court, asserting that the garnishment issue was an independent case or controversy and that there was diversity of citizenship with the requisite amount involved. Swanson promptly moved to remand the proceeding to the state court. The remand was denied. Swanson v. Sharp v. Liberty National Insurance Company and Guaranty National Insurance Co., 224 F.Supp. 850. Inasmuch as pursuant to 28 U.S.C. § 1292(b) an interlocutory appeal was authorized, no determination has been made on the merits.

We affirm the district court. This opinion assumes familiarity with the district court opinion, cited supra.

We comment that the labels the case had in the state court and the fact that the whole sequence had only one case number there are not determinative of the question of whether the garnishment issue is separable from the issue of Sharp's liability to Swanson and thus can be considered an independent action.

Alaska has not yet "characterized" the nature of its garnishment proceedings. We think that when it does, its view would be entitled to great weight, but we subscribe to the view that the separability, so far as it affects removal, is in the end a federal question. We elect to follow Randolph v. Employers Mutual Liability Ins. Co., 8 Cir., 260 F.2d 461. Our analysis is that Rule 89(f), Rules of Civil Procedure, State of Alaska, sets up garnishment for this case as an independent civil action.

We may get some interesting problems in diversity when the judgment defendant debtor stays on, seeks in, or is brought into the garnishment proceedings. With whom will you align him when he is in it? We shall meet that on another day. Here he is out of the case and is apparently not bothered about his own residual deficiency or the problems the companies have acquired from their commercial acquaintanceship with him.

The order denying remand is affirmed.

---

2. The parties report the conceded amount of $10,000 in liability has been paid to Swanson pursuant to a stipulation.