**Patricia J. BRIDGES, Conservator for Mark A. BRIDGES, Plaintiff,**

v.

**George W. BENTLEY, Deceased by Icy BENTLEY, Defendant,**

**and**

**Farmers Casualty Company Mutual, Garnishee.**

No. 89–1243–C.

United States District Court, D. Kansas.

July 31, 1989.

Dan L. Wulz of Bryan, Lykins, Hejtmanek & Wulz, Topeka, Kan., for plaintiff.

H.W. Fanning and Don D. Gribble of Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case comes before the court on plaintiff's motion to remand the case to the District Court of Finney County, Kansas, pursuant to 28 U.S.C. § 1447(c). The record before the court reveals that on June 6, 1984, Mark A. Bridges suffered personal injuries while giving assistance to

victims of a car accident. He filed suit in state court against several different people, including the defendant. A jury awarded total damages of $1,018,635, with $733,417.20 being attributed to the fault of the defendant.

On April 20, 1988, the plaintiff filed a petition in garnishment against Farmers Casualty Company Mutual (hereinafter garnishee), alleging, among other things, that at the time of the accident the defendant had an automobile liability insurance policy in effect, with policy limits of $100,000 per person for damages for bodily injury. The garnishment petition further alleges that plaintiff made repeated offers to settle the case for defendant's policy limits, but these offers were refused. The plaintiff further alleged that an adequate investigation would have revealed the defendant was liable for damages in excess of the policy limits, and that garnishee negligently or in bad faith exposed its insured, the defendant, to an excess judgment. The plaintiff requested an order of garnishment and judgment against the garnishee for damages in the amount of $733,417.20, plus costs, plus post-judgment interest, costs of the garnishment action, attorney's fees, and for further relief as the court deemed just and equitable. An order of garnishment was issued on April 24, 1989.

On May 5, 1989, the garnishee filed a petition for removal of the case to this court. The petition alleged that diversity of citizenship existed between the plaintiff and the garnishee, and that the amount in controversy exceeded $50,000, exclusive of interests and costs. The plaintiff then filed the motion to remand which is presently before the court.

The plaintiff argues that the case must be remanded because the defendant is a Kansas resident, and therefore complete diversity of citizenship does not exist as required by 28 U.S.C. § 1441(b). The plaintiff also argues that the case should be remanded because the garnishee failed to comply with D.Kan. Rule 202(d), which allows for remand if the petitioner for removal fails to file with the clerk of this court a copy of all records and proceedings had in the state court. The garnishee filed only those state records pertaining to the garnishment action.

The garnishee responds that the garnishment action is a separate and independent action which is removable pursuant to 28 U.S.C. § 1441(c). That section states:

> Whenever a separate and independent claim or cause of action, which would be removable is sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

■ The court agrees that this case is removable, but not because section 1441(c) is applicable. The garnishment action filed against the garnishee is not joined by any claim or cause of action against the defendant. The plaintiff's cause of action against the defendant has already been resolved in his favor in state court. The petition for garnishment is directed only toward the garnishee and not the defendant. The cases cited by the garnishee which hold that a garnishment action is a separate and independent action do not utilize § 1441(c) to support their holdings. For example, in *Butler v. Polk*, 592 F.2d 1293 (5th Cir.1979), the plaintiff, after recovering judgment in state court, secured writs of garnishment against an insurance agent, his agency, and two insurance companies, USF & G and Aetna. The writs alleged that either the agent had secured liability insurance for the defendant from one of the two insurance companies, or his failure to do so gave rise to personal liability. 592 F.2d at 1295. USF & G removed the case to United States District Court. After removal, the plaintiff dismissed the writs against Aetna and the insurance agent in state court. 592 F.2d at 1295, n. 2. The plaintiff lost in United States District Court, and one of the issues on appeal was whether removal was improper. The plaintiff argued that the garnishment action against USF & G was not separate and independent of the action against the agent

and therefore was not removable under 28 U.S.C. § 1441(c). USF & G argued that the writs secured against it and the agent were separate lawsuits and therefore, the claims against them were not "joined" under § 1441(c). 592 F.2d at 1295.

The Fifth Circuit held that although the question was not entirely free from doubt, it believed the writ of garnishment against USF & G was properly removed under § 1441(a-b) because the garnishment action against the insurance company was a separate lawsuit from the garnishment action against the agent, and because garnishment actions are construed to be independent suits in relation to the primary liability action between the plaintiff and the defendant. 592 F.2d at 1295. In *London and Lancashire Indemnity Co. of America v. Courtney*, 106 F.2d 277 (10th Cir. 1939), the Tenth Circuit found that the garnishment action was independent of the primary liability action between the plaintiff and defendant, and that if diversity of citizenship and other jurisdictional facts existed, the garnishee could remove the garnishment action to federal court. 106 F.2d at 283-284. The Tenth Circuit noted that in *Baker v. Duwamish Mill Co. (Casualty Co. of America, Garnishee)*, 149 F. 612 (C.C.Wash.1906), the United States District Court for the Western District of Washington held that a garnishment action was:

a "civil suit in which an issue of fact is or may be joined between the plaintiff and garnishee, and is removable by a nonresident garnishee, where the jurisdictional requisites appear, although the parties to the judgment are citizens of the same state. In such proceeding, while the judgment defendant is an indispensable party, his pecuniary interest is with the plaintiff on the issues between him and the garnishee, and he is to be ranged on that side of the controversy for the purposes of removal."

106 F.2d at 284. In *Adriaenssens v. Allstate Insurance Company*, 258 F.2d 888 (10th Cir.1958), the Tenth Circuit once again held that a garnishment action could be removed to federal court, but did not rely on § 1441(c) to support its holding. Instead, the Court of Appeals found the

question to be whether a garnishment action should be considered as being merely supplemental or auxiliary to the primary liability action, and therefore not an independent "civil action" for removal purposes, or whether the garnishment action was an original and independent action and could be removed if the jurisdictional requisites were met. 258 F.2d at 890. The Tenth Circuit concluded that a garnishment action was an original and independent action. In denying the plaintiff's motion to remand in *Armour v. Reigel and Ranger Insurance Company*, Nos. 79-4152 and 79-4153 (D.Kan. *unpublished*, April 12, 1982), Judge Rogers did not find that the garnishment action was a separate and independent claim or cause of action pursuant to § 1441(c). Again, the focus was on whether the garnishment action was merely a continuation of the primary liability action or whether it was a separate and distinct "civil action" wholly apart from the primary liability action. Judge Rogers found that a "garnishment action is a separate and independent cause of action in that it involves a new party who may raise claims irrelevant to the prior judgment which the plaintiff is seeking to enforce." *Armour*, at 3.

The court recognizes that the federal courts are divided on this question. *See generally Richmond v. Allstate Ins. Co.*, 624 F.Supp. 235 (E.D.Pa.1985) (no controlling precedent or consensus among federal courts on the question of whether garnishment actions should be considered ancillary to the primary action or independent of the primary action). This court believes, as the *Richmond* court did, that the characterization of garnishment actions for removal purposes is a matter of federal law rather than a matter determined by construing each state's garnishment statute. 624 F.Supp. at 237. *See also Stewart v. EG-NEP (Pty) Ltd.*, 581 F.Supp. 788, 789-790 (C.D.Ill.1983); 1A J. Moore and B. Ringle, *Moore's Federal Practice* ¶ 0.167, at 526-527 (2d ed. 1982).

After considering all of the facts in the present case, the court finds that this garnishment action is independent from the

primary liability action. The garnishment action is a suit involving a new party litigating the existence of a new liability. The garnishment petition is couched in terms of individual liability on the part of Farmers Casualty Company Mutual. The issues in the present case are whether garnishee acted negligently or in bad faith in refusing to settle for the policy limits before trial, exposing its insured to an excess judgment, and whether because of its negligence or bad faith the garnishee is liable to the plaintiff for the entire judgment and not just the policy limits which the garnishee has already paid into state court. Since the jurisdictional requisites have been met in this case, the garnishment action is a removable "civil action" within the contemplation of § 1441(a-b). *See Adriaenssens*, 258 F.2d 888.

■ The plaintiff also argues that the case should be remanded because the garnishee has failed to comply with D.Kan. Rule 202(d), requiring the filing of "all records and proceedings had in the state court." The garnishee responds that it has filed all records and proceedings had in the state court related to the garnishment action, but did not file the state court records and proceedings related to the underlying negligence action against the defendant. The court finds that the garnishee has complied with D.Kan. Rule 202(d) for purposes of the present action.

IT IS THEREFORE ORDERED that plaintiff's motion to remand the case to the District Court of Finney County, Kansas is denied.