Shirley SMOTHERMAN, as surviving spouse and heir-at-law of Loren Keith Smotherman, deceased, and as natural parent and next friend of Brandie Nichole Smotherman and Kristopher Keith Smotherman, minor children of Loren Keith Smotherman, deceased, Plaintiffs,

v.

Michael CASWELL, Defendant,

and

Travelers Insurance Company, Intervenor,

and

Shelter Mutual Insurance Company, Garnishee.

Civ. A. No. 89-2374-V.

United States District Court, D. Kansas.

Nov. 26, 1990.

Gordon M. Rock, Grimshaw & Rock, Olathe, Kan., for plaintiffs.

Steven G. Piland, Field, Gentry, Benjamin & Robertson, P.C., Kansas City, Mo., for intervenor.

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for garnishee.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Shirley Smotherman and her minor children, plaintiffs (Doc. 4), and intervenor Travelers Insurance Company (Doc. 7) move the court pursuant to 28 U.S.C. §§ 1332 and 1447(c) for an order remanding this case to the District Court of Johnson County, Kansas. Movants also seek costs, including reasonable attorney fees, under 28 U.S.C. § 1447(c) for improper removal. Garnishee Shelter Mutual Insurance Company (Shelter), the removing party, has responded (Doc. 9) and opposes plaintiffs' and intervenor's motions. For the reasons stated below, the motions to remand are denied.

The factual and procedural history of this case requires some discussion. Plaintiffs and defendant Michael Caswell are Kansas residents. On May 31, 1986, plaintiffs' decedent, Loren Keith Smotherman, was killed in an automobile accident while riding in a vehicle driven by defendant Caswell. On June 25, 1986, plaintiffs filed a wrongful death action against defendant Caswell in the District Court of Johnson County, Kansas (Case No. 86 C 5864). Plaintiffs thereafter amended their petition and joined Travelers as a defendant under their uninsured motorist coverage. Travelers settled with plaintiffs, but remained in the action seeking indemnification in the event that plaintiffs were able to recover from defendant or defendant's insurers, and as an intervenor in this garnishment proceeding.

At the time of the accident, defendant Caswell was insured for motor vehicle liability up to $100,000 by garnishee Shelter, a Missouri corporation. Defendant Caswell carried additional insurance through K.F.B. Insurance Company, Inc. (K.F.B.), a Kansas corporation. During the course of litigation both garnishee Shelter and K.F.B. refused plaintiffs' offers to settle or compromise within the limits of their respective policies of insurance. Ultimately, in December, 1988, the case was tried to a jury in state court. A verdict was returned in favor of plaintiffs and against defendant Caswell. On December 21, 1988, judgment was entered against defendant Caswell in the amount of $471,768.69.

On February 15, 1989, plaintiffs and defendant Caswell entered into a Covenant Not to Execute, Assignment and Waiver. In the agreement, defendant Caswell assigned to plaintiffs any and all claims, rights and interest he may have had against garnishee Shelter and K.F.B., including any causes of action, claims for damages, attorney fees, interest and/or costs arising out of the insurance policies. Plaintiffs, in return, waived their right to execute or otherwise satisfy their judgment from defendant Caswell's personal assets.

In early February, 1989, plaintiffs instituted garnishment proceedings against garnishee Shelter and K.F.B. On February 24, 1989, Shelter and K.F.B., as garnishees, responded and denied liability. In their reply, filed March 27, 1989, plaintiffs alleged that Shelter and K.F.B. were guilty of bad faith and negligence in representing defendant Caswell and were therefore liable to defendant Caswell, and thus to plaintiffs, for the full amount of the judgment entered against Caswell. Eventually, K.F.B. settled with plaintiffs, and in an order dated August 9, 1989, was dismissed from the case. On August 22, 1989, garnishee Shelter removed the case to this court pursuant to 28 U.S.C. § 1441 based on diversity of citizenship jurisdiction, 28 U.S.C. § 1332. Thereafter, plaintiffs and intervenor filed the instant motions to remand.

In the instant motions, plaintiffs and intervenor assert that the case should be remanded for the following reasons: (1) complete diversity of citizenship does not exist between the parties because plaintiffs and defendant Caswell are Kansas residents; (2) garnishee is not a party defendant and may not seek removal; (3) the removal, based on diversity of citizenship, is untimely under 28 U.S.C. § 1446(b); and (4) defendant Caswell was not served with Notice of Removal as required by 28 U.S.C. § 1446(d).

■ The question to be resolved is whether this court has subject matter juris-

**348**

diction. Garnishee Shelter seeks to remove this case on the basis of diversity of citizenship, 28 U.S.C. § 1332. In garnishment actions, where a garnishee has denied liability to the judgment debtor, the judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of determining diversity of citizenship. *Randolph v. Employers Mutual Liberty Insurance Co.,* 260 F.2d 461, 464 (8th Cir. 1958), *cert. denied,* 359 U.S. 909, 79 S.Ct. 585, 3 L.Ed.2d 573 (1959); *Morris v. Stalnaker,* No. 86-4250 (D.Kan., *unpublished,* Sep. 29, 1986). Thus, plaintiffs and defendant Caswell are aligned on one side and garnishee Shelter on the other for the purpose of determining diversity of citizenship jurisdiction. We conclude that there is diversity between the parties as realigned, and that jurisdiction under 28 U.S.C. § 1332 is established.

■ We turn, next, to the issue of whether Shelter as a garnishee may remove this action under 28 U.S.C. § 1441. Subsection (a) of section 1441 affords garnishee Shelter the basis for removal of the case. Subsection (a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district of the United States for the district and division embracing the place where such action is pending.

In order for section 1441(a) to have application, the present garnishment proceeding must be a distinct "civil action." *See Adriaenssens v. All–State Insurance Co.,* 258 F.2d 888, 890 (10th Cir.1958). The courts are divided on the question of whether a garnishment proceeding is an ancillary proceeding or an independent civil action. *See Richmond v. Allstate Ins. Co.,* 624 F.Supp. 235, 237 (E.D.Pa.1985); *Bridges v. Bentley,* 716 F.Supp. 1389, 1391 (D.Kan.1989). The courts are also divided as to whether the nature of garnishment proceedings should be determined by state law or federal law. *Id.; Graef v. Graef,* 633 F.Supp. 450, 452 (E.D.Pa.1986).

■ We conclude that the characterization of garnishment actions for the purposes of removal should be a matter of federal law rather than a matter to be determined by construing individual state garnishment statutes. *See Bridges,* 716 F.Supp. at 1391. We believe that this is the more sound approach and is consistent with statements made by the Supreme Court in *Chicago, Rock Island & Pacific Railroad Co. v. Stude,* 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1958):

> For the purposes of removal the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege granted by the federal statute. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 [1941].

*Id.* 346 U.S. at 580, 74 S.Ct. at 294; *see also,* 1A J. Moore and B. Ringle, *Moore's Federal Practice* ¶ 0.167 [12.3] at 526-7 (2d ed. 1989).

We conclude that under federal law this garnishment action is a distinct civil action for the purposes of section 1441(a). In the present case the garnishment action is separate and distinct from the underlying wrongful death action. The garnishment involves a new party litigating the question of a new liability. The issues in the garnishment action are whether garnishee Shelter acted negligently or in bad faith in refusing to settle within the limits of the policy prior to trial and exposing its insured (defendant Caswell) to an excess judgment, and whether because of its negligence or bad faith the garnishee Shelter is liable to plaintiffs for the entire judgment and not just the policy limits. The jurisdictional requisites have been met in this case. We conclude that the present garnishment action is a separate action and removable under 28 U.S.C. § 1441(a). *See Bridges,* 716 F.Supp. at 1392.

If we applied Kansas law to determine if garnishment proceedings are distinct and separate from the underlying action we

would arrive at the same result.[1] The criteria that have been considered by courts that look to a state's characterization of its garnishment procedure are (1) whether a separate issue of fact might be raised in the garnishment proceeding, and (2) whether the proceeding was adversarial, calling for judgment independent of the underlying cause. *See Morris,* No. 86–4250, at 4; *Graef,* 633 F.Supp. at 452. Our review of the Kansas garnishment procedures, K.S.A. 60–714 *et seq.,* and the Kansas cases indicates that the criteria are satisfied. Kansas garnishment procedures provide that an issue of fact may be raised and that the proceeding can be adversarial, calling for a judgment independent of the underlying cause of action. *See Watson v. Jones,* 227 Kan. 862, 610 P.2d 619 (1980). Because the Kansas courts would characterize the instant garnishment action as a distinct civil action, we conclude that the case is removable.

■ Having determined that the instant garnishment action is removable, we must determine whether garnishee Shelter's removal was timely under 28 U.S.C. § 1446(b). That subsection provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice or removal may be filed within thirty days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case

may not be removed on the basis of jurisdiction by section 1332 of this title more than 1 year after commencement of the action.

For the purposes of removal we have already determined that the present garnishment action is a separate and distinct civil action. The garnishment action was commenced on February 8, 1989, against Shelter and K.F.B. Because plaintiffs were Kansas residents and K.F.B. was a Kansas corporation, there was not complete diversity between the parties as then aligned, and the case was not removable. When K.F.B. was dismissed on August 9, 1989, the case became removable under 28 U.S.C. § 1332. Garnishee Shelter filed its notice of removal on August 22, 1989, within thirty days of the case first becoming removable and within one year of the commencement of the garnishment action. Garnishee Shelter's removal was thus timely under 28 U.S.C. § 1446(b).

■ Finally, we must determine whether garnishee Shelter's failure to serve the notice of removal on defendant Caswell renders its removal defective under 28 U.S.C. § 1441(d) and D.Kan. Rule 202(c). Generally, removal statutes are strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers. *Cohen v. Hoard,* 696 F.Supp. 564, 565 (D.Kan.1988). However, the courts have recognized exceptions to strict compliance with removal statutes. *Id.* One of the recognized exceptions is that the failure of a merely nominal or formal defendant to join in removal does not defeat the requirement of unanimity among defendants. *Id.* We conclude that this exception is analogous to the case in its present posture. Defendant Caswell's liability in this case has already been adjudicated, and he has no interest in the present garnishment action. Defendant Caswell is thus a nominal party in this dispute between plaintiffs and garnishee Shelter.

---

1. There is some authority that, despite *Stude,* the Tenth Circuit applies the law of the state to determine whether garnishment proceedings are distinct and separate civil actions. *See* *Fleeger v. General Insurance Co. of America,* 453 F.2d 530 (10th Cir.1972); *London & Lancashire Indemnity Co. v. Courtney,* 106 F.2d 277 (10th Cir.1939).

**350**

We conclude that the failure of garnishee Shelter to serve defendant Caswell with notice of removal is not a fatal defect.

For the foregoing reasons we conclude that plaintiffs' and intervenor's motions to remand should be denied. We also conclude that their motions for costs for improper removal under 28 U.S.C. § 1447(c) should be denied.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiffs' and intervenor's motions (Docs. 4, 7) to remand are denied.

IT IS SO ORDERED.