**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARCUS LABERTEW,
Judgment Creditor, AKA
Mark Labertew; JANE DOE
LABERTEW, husband and
wife; JOHN MCDERMOTT,
Judgment Creditor, AKA
Jack McDermott; JENNIFER
MCDERMOTT, husband and
wife,
   *Plaintiffs-Appellants*,

v.

LORAL LANGEMEIER,
     *Defendant*,

---

CHARTIS PROPERTY
CASUALTY COMPANY,
Garnishee, FKA AIG
Casualty Company; 21ST
CENTURY NORTH AMERICA
INSURANCE COMPANY,
Garnishee, FKA American
International Insurance
Company,
   *Third Parties-Appellees*.

No. 14-15879

D.C. No.
2:13-cv-01785-DGC

OPINION

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted May 11, 2016
San Francisco, California

Filed January 20, 2017

Before: Andrew J. Kleinfeld, Sandra S. Ikuta, and Paul J.
Watford, Circuit Judges.

Opinion by Judge Kleinfeld

## SUMMARY[*]

### Removal / Garnishment

The panel vacated the district court's judgment discharging insurers, and remanded for further proceedings in a garnishment proceeding arising out of an insurance settlement and assignment.

In the underlying settlement, the plaintiffs and defendant stipulated to a judgment against the defendant for $1.5 million, and defendant assigned to the plaintiffs her rights against her liability insurers. Plaintiffs applied in state court for writs of garnishment against the insurers. The insurers

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

removed the state garnishment proceedings to federal district court.

The district court, pursuant to Fed. R. Civ. P. 69, applied Arizona garnishment law, and held that because the plaintiffs missed their ten day window for objecting, the garnishment failed and the garnishees/insurers were discharged.

The panel held that the garnishment proceeding was removable, and the district court had jurisdiction. The panel held that under *Swanson v. Liberty National Insurance Co.*, 353 F.2d 12 (9th Cir. 1965), the garnishment proceeding against the insurers, for purposes of removal, was a separate and independent civil action from the suit by the plaintiffs in the underlying action; and as such, it was removable.

The panel held that there was no federal judgment in this case upon which to execute. The panel noted that the only judgment was in the Superior Court of the State of Arizona. The panel further held that the necessary predicate for application of Fed. R. Civ. P. 69 was a judgment in the federal district court in which execution was sought. The panel also held that there was no state judgment against the insurance companies that could be registered and enforced in federal court.

The panel held that the district court had discretion under Fed. R. Civ. P. 81(c)(2) to order repleading. The panel held that the Arizona laws for garnishment proceedings, were, upon removal, supplanted by the federal rules. The panel also held that the district court may order repleading because this case was in substance a claim by the insureds' assignee against the insurers for breaching their obligations under their

insurance policies, and the claims in the state court pleadings were no longer at issue.

## COUNSEL

Philip J. Nathanson (argued), The Nathanson Law Firm, Scottsdale, Arizona, for Plaintiffs-Appellants.

Randy Lee Kingery (argued), Steven G. Mesaros, and Kelli K. Williams, Renaud Cook Drury Mesaros PA, Phoenix, Arizona, for Third Parties-Appellees.

## OPINION

KLEINFELD, Senior Circuit Judge:

We address removability and procedural law for garnishment.

### Facts.

Marcus Labertew, his wife, and John and Jennifer McDermott sued Fred R. Auzenne and Loral Langemeier in the Superior Court for the State of Arizona. They claimed that Auzenne and Langemeier defrauded Marcus Labertew and John McDermott to get them to work for Auzenne and Langemeier's multilevel health-products company, defamed them regarding their employment at the company, owed them salary and expense money, and got John McDermott falsely arrested and imprisoned in Korea while on a business trip for the company.

The Labertews, the McDermotts, and Langemeier settled the case with what in Arizona is called a "*Damron* agreement," after the case accepting the validity of this procedure.[1] Under the agreement, plaintiffs dismissed their case, they and defendant Langemeier[2] stipulated to a judgment against her for $1.5 million, a covenant not to execute against her personally and an assignment by her to plaintiffs of her rights against her liability insurers  Chartis Property Casualty Co. and 21st Century N.A. Insurance Co.

Such cases are often followed by new lawsuits by the assignees, that is, the injured plaintiffs holding the assignment, against the insurance company.  The Labertews and the McDermotts, though, did not pursue that course. Instead, they applied in state court for writs of garnishment against the insurers.  Garnishment is commonly used by successful plaintiffs such as collection companies, to garnish wages from judgment debtors' employers and savings from judgment debtors' bank accounts. The Labertews and the McDermotts' theory was that because they had a judgment against Langemeier for $1.5 million, and the insurers owed Langemeier this much, the insurance companies should pay them this money as Langemeier's judgment creditors.

Arizona has a procedure for contesting garnishment, as when a bank has no funds in an account owned by the judgment debtor, or a putative employer no longer employs the judgment debtor and owes no wages to him.  The procedure is that within ten days, the garnishee answers, and

---

[1]   *Quihuis v. State Farm Mut. Auto. Ins. Co.*, 334 P.3d 719, 722 (Ariz. 2014); *see also Damron v. Sledge*, 460 P.2d 997 (Ariz. 1969).

[2]   Auzenne is not a party to this appeal.

if the garnishee claims it owes the debtor nothing or less than the full amount, then the judgment creditor has ten days to file an objection to the answer.[3] If no objection to such an answer is timely filed, then the garnishee is discharged.[4]

The insurance companies removed the garnishment proceedings to federal district court, and answered that they owed nothing. The Labertews and the McDermotts never objected to this answer. The district court concluded that it had jurisdiction, and that pursuant to Federal Rule of Civil Procedure 69, Arizona garnishment law applied; therefore, because the Labertews and the McDermotts had missed their ten day window for objecting, the garnishment failed, and under Arizona law the garnishees were discharged.[5]

The Labertews and the McDermotts appeal.

**Analysis.**

The Labertews and the McDermotts make two arguments: first, the district court lacked jurisdiction because the garnishment was not removable; second, if the garnishment was removable, then their failure to file an objection was immaterial, because the federal procedural rules did not

---

[3]　Ariz. Rev. Stat. §§ 12-1578.01, 12-1580(A).

[4]　*Id.* § 12-1581(A).

[5]　*Id.* § 12-1581(A) ("If it appears from the answer of the garnishee that he did not owe nonexempt monies to the judgment debtor when the writ was served on him or that he did not have in his possession any nonexempt personal property of the judgment debtor when the writ was served, and if no written objection to the answer is timely filed, the court shall enter judgment discharging the garnishee.").

import this Arizona requirement.  We review both issues de novo.[6]

## 1.  Jurisdiction.

Only a "civil action" can be removed from state court to federal court.[7]   Garnishment of wages or money in a bank account is ordinarily a collection device completed within the same proceeding as the case against the judgment debtor, not a separate action.  This suggests a question of whether the garnishment in this case is removable.

We answered that question "yes," in *Swanson v. Liberty National Insurance Co.*[8]  In *Swanson*, as in this case, a tort plaintiff obtained judgment, then sought to garnish, in state court, the amount of the judgment from the defendant's liability insurer.[9]  The insurer removed, federal jurisdiction was contested, and we held that the federal district court did indeed have jurisdiction over the garnishment issue: "We comment that the labels the case had in the state court and the fact that the whole sequence had only one case number there are not determinative of the question of whether the garnishment issue is separable from the [tort liability] issue

---

[6]  *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners*, 768 F.3d 938, 945 (9th Cir. 2014) (noting review for removal is de novo); *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007) (noting review for applying state or federal law is de novo).

[7]  28 U.S.C. § 1441(a).

[8]  353 F.2d 12, 13 (9th Cir. 1965).

[9]  *Id.* at 12.

. . . and thus can be considered an independent action."[10] Following the Eighth Circuit, we held that "separability, so far as it affects removal, is in the end a federal question."[11]

This case is not distinguishable from *Swanson*. *Swanson* arose from Alaska's garnishment procedures, and this case arises out of Arizona's procedures, but the differences between the state procedural rules are not material to the analysis.[12]   Our sister circuits generally agree with the position taken by *Swanson*,[13] as do the treatises.[14]   To the extent that Arizona law may differ from the Alaska garnishment procedures construed in *Swanson*, and to the extent that it might matter, removability is even clearer here. We noted in *Swanson* that Alaska had not yet characterized its garnishment proceedings as to separability,[15] but Arizona holds that "a garnishment proceeding, after its inception, is

---

[10]   *Id.* at 13.

[11]   *Id.* (citing *Randolph v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 260 F.2d 461 (8th Cir. 1958)).

[12]   *Id.* (citing Alaska R. Civ. Pro. 89(f) (amended at 89(l))).

[13]   *See e.g.*, *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1139 (11th Cir. 2013); *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 725 (7th Cir. 2012); *Butler v. Polk*, 592 F.2d 1293, 1295–96 (5th Cir. 1979); *Adriaenssens v. Allstate Ins. Co.*, 258 F.2d 888, 890 (10th Cir. 1958).

[14]   *See e.g.*, 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Joan E. Steinman, *Federal Practice and Procedure* § 3721, at 28–34 & n. 58 (2009); 16-107 *Moore's Federal Practice* § 107.151 (LexisNexis 2016).

[15]   *Swanson*, 353 F.2d at 13.

treated in all respects, except its title, as an original independent action."[16]

Treating the garnishment as a separate civil action for purposes of removal makes sense. Langemeier, the defendant in the Arizona action, has no interest in the dispute, being protected by a covenant not to execute. The insurance companies were not parties to the Arizona case. Though the complaint in the Arizona action may affect the coverage and duty to defend issues in the garnishment, the issues at most overlap, and are not congruent. The insurers' duties, which will control the garnishment, were not relevant to and did not arise in the Arizona tort case. The insurers may be entitled to a jury trial—which they have already requested—as well as discovery, addressing coverage and duty to defend procedures rarely needed in routine wage and bank account garnishments. The amount in controversy and complete diversity requirements between the insurance companies and the Labertews and McDermotts have not been disputed. The lack of diversity between the Labertews and McDermotts and Langemeier is immaterial, because Langemeier is a "nominal part[y] with nothing at stake."[17]

Under *Swanson*, the garnishment proceeding against the insurers is, for purposes of removal, a separate and independent civil action from the suit by the Labertews and McDermotts against Langemeier. As such, it was removable, and the district court had jurisdiction.

---

[16] *Davis v. Chilson*, 62 P.2d 127, 130 (Ariz. 1936); *see also Bennet Blum, M.D., Inc. v. Cowan*, 330 P.3d 961, 964 (Ariz. Ct. App. 2014).

[17] *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002).

## 2. Failure to object.

Now that we have concluded that the federal district court had jurisdiction, what shall we make of the Labertews and McDermotts' failure to object to the answer of the garnishee insurance companies?  Under Arizona law, if the garnishee answers that it does not owe the money claimed against the judgment debtor, which Langemeier's insurers did, then the judgment creditor has ten days to object to the answer.[18]  "[I]f no written objection to the answer is timely filed, the court shall enter judgment discharging the garnishee."[19]  The Labertews and McDermotts did not make a written objection to the insurers' answer (subsequent to removal) that they did not owe Langemeier any money.  The insurers take the position that they are discharged because Federal Rule of Civil Procedure 69 adopts state procedure for execution on judgments, and state procedure discharges a garnishee whose unobjected to answer denies owing the money.

Much of the argument addresses, in effect, whether Rule 69 means what it says.  It does.  The rule says that the procedure for execution on a money judgment, including such supplementary proceedings as garnishment, "must accord with the procedure of the state where the court is located," subject to federal statutes to the contrary (of which there are none relevant to this case).[20]  Thus for execution on "a money

---

[18]  Ariz. Rev. Stat. § 12-1580(A).

[19]  *Id.* § 12-1581(A).

[20]  Fed. R. Civ. P. 69(a)(1) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court

judgment," the District Court for the District of Arizona must turn, subject to federal law to the contrary, to Arizona law.

But that begs the question that controls this case. When Federal Rule of Civil Procedure 69 says "[a] money judgment," does it refer to the judgment of any court? Any federal district court? Any state court? Or only the particular district court in which execution is sought? The last is correct. The only judgment in this case is the one by the Superior Court of the State of Arizona in favor of the Labertews and McDermotts for $1.5 million. There has never been a federal judgment in the District of Arizona to that effect, nor is there any judgment anywhere in this case against Langemeier's liability insurers.

Ordinarily a court enforces its own judgments. Garnishments from other courts are ordinarily turned into judgments of a new court by separate actions for debt on a judgment,[21] registration,[22] or even mere filing of an

---

is located, but a federal statute governs to the extent it applies.").

[21]  *See e.g.*, Benjamin J. Shipman, Common-Law Pleading 266 (3d ed. 1923).

[22]  28 U.S.C. § 1963 ("A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.").

authenticated copy.**23**   But the judgments are not executed upon in courts that did not issue them.

There is no federal judgment in this case upon which to execute.  Federal Rule of Civil Procedure 54 defines the word to include "a decree and any order from which an appeal lies."**24**  Obviously the Arizona Superior Court judgment cannot be appealed in federal court.**25**  Federal Rule 58 says when and how the clerk of a federal district court enters a judgment in the civil docket.  No judgment was entered in this case in the federal district court.  The necessary predicate for application of Federal Rule 69 is a judgment in the federal district court in which execution is sought.  "Rule 69 is not available to enforce state court judgments in federal court."**26**

Not only is there no federal judgment in this case upon which to execute, but there is also no state judgment against the insurance companies that could be registered and enforced in federal court. Rather, this is a new civil action in which the

---

**23**   *See e.g.*, Ariz. Rev. Stat. § 12-1702.

**24**   Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings.").

**25**   *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

**26**   *Marietti v. Santacana*, 111 F. Supp. 3d 129, 134 (D.P.R. 2015); 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3011, at 167–68 & n. 7 (2014) (stating "Rule 69 applies only to money judgments of the federal court" and that "*Rule 69 has no application to state-court judgments*") (emphasis added).

Labertews and McDermotts are seeking to obtain, for the first time, a judgment establishing the liability of the insurance companies. This case was removed to federal court before the insurance companies filed their answer. Removal means that the case was no longer within the jurisdiction of the Arizona Superior Court. Once it arrived in federal court, the case was not yet ripe for application of Federal Rule of Civil Procedure 69, which would in general have imported Arizona procedures, because there was neither a judgment of the federal court upon which Rule 69 could operate, nor a judgment of the state court against the insurers that might arguably be registered with the federal court and enforced under Rule 69. Consequently, the failure to answer the insurers' objection did not operate through Rule 69 to discharge the insurers under Arizona procedural law.

The insurers would also have us import Arizona law through Federal Rule of Civil Procedure 64, because it expressly imports state law on garnishment.[27] That argument

---

[27] Fed. R. Civ. P. 64. The full rule states:

(a) Remedies Under State Law—In General. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

(b) Specific Kinds of Remedies. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:

is mistaken, because Rule 64 provides for these remedies "to secure satisfaction of the *potential* judgment."[28]  The rule is a means of protecting plaintiffs against risks such as the defendant's money disappearing before the plaintiffs wins their judgment.  In these instances the court may choose to hold the defendant's property while the case is litigated.  Rule 64 is irrelevant.

The rule that says what to do with a removed action is at Federal Rule of Civil Procedure 81(c), which says that the federal rules "apply to a civil action after it is removed from a state court."[29]  This means that the Arizona rules for garnishment proceedings were, upon removal, supplanted by the federal rules.  The district court has discretion under Rule 81(c)(2) to order repleading.[30]  It may choose to do so, because this case now is in substance a claim by the insureds' assignee against the liability insurers for breaching their obligations under their insurance policies. The claims in the state court pleadings are no longer at issue.  Nor is Langemeier an interested party, having stipulated to a judgment and secured a covenant that no execution would be

---

- arrest;
- attachment;
- garnishment;
- replevin;
- sequestration; and
- other corresponding or equivalent remedies.

[28]  *Id.* (emphasis added).

[29]  Fed. R. Civ. P. 81(c).

[30]  *Id.* ("After removal, repleading is unnecessary unless the court orders it.").

taken against her.  The district court may order repleading at its discretion.[31]  The claim against the insurers is independent of the claims in the underlying action against Langemeier, and there is no federal judgment upon which execution may be made.

### Conclusion.

We reverse.  We vacate the judgment discharging the insurers, and remand for such further proceedings in district court as may be appropriate.

### REVERSED, VACATED AND REMANDED.

---

[31]  *Id.*