NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIVE POINTS HOTEL PARTNERSHIP, an Arizona partnership and PARAGON HOTEL CORPORATION, a Delaware corporation,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>JOE PINSONNEAULT, individually, and on behalf of the marital community of Joe Pinsonneault and Jane Doe Pinsonneault,<br><br>        Defendant-Appellee. | No.   14-15970<br><br>D.C. No. 2:11-cv-00548-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted September 15, 2017[**]
San Francisco, California

Before: GOULD, TALLMAN, and WATFORD, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Five Points Hotel Partnership and Paragon Hotel Corporation (collectively, Five Points) appeals the district court's adverse summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

On April 26, 2010, following a bench trial, the Pinal County, Arizona, Superior Court entered a $500,000 judgment in favor of Five Points and against Casa Grande Resort Living, LLC (Casa) for breach of contract and breach of the duty of good faith and fair dealing. Five Points was unable to recover its judgment from Casa, which had been dissolved in 2006.

Five Points then brought a second action in Arizona federal district court against Joe Pinsonneault, the sole member and manager of Casa. The complaint contained a single "claim"—that Pinsonneault is the alter ego of Casa. It also sought a jury trial, punitive damages, and compensatory damages in an amount roughly equivalent to that awarded in the prior state judgment after adjusting for interest.

The district court granted summary judgment for Pinsonneault. It held that Five Points failed to state a valid claim after "predict[ing]" that the Arizona Supreme Court would follow the majority view that alter ego is a theory of liability and not an independent "claim." *See Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996).

Reviewing de novo, *see id.*, we agree. We are persuaded by "decisions from

other jurisdictions, statutes, treatises, and restatements," *id.* (citation omitted), which specify that alter ego is a procedural mechanism to enforce an underlying claim and not an independent cause of action, *see, e.g.*, *Jones & Trevor Mktg., Inc. v. Lowry*, 284 P.3d 630, 634 n.1 (Utah 2012) ("Alter ego theory is not an independent claim for relief; rather, it is a theory of liability." (citation omitted)); William M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 41.10 (Sept. 2016 update) ("A claim based on the alter ego theory is not in itself a claim for substantive relief, but rather is procedural.").

Five Points argues that this conclusion conflicts with *Phoenix Van Buren Partners, LLC v. Moulding & Millwork, Inc.*, No. 2:11-cv-01943-NVW, 2012 WL 1190842 (D. Ariz. Apr. 10, 2012), where a plaintiff was awarded summary judgment based solely on "success on its alter ego claim." *Id.* at *11. We disagree. The plaintiff in *Van Buren* did not bring an independent alter ego action. Instead, it filed an action in the Arizona Superior Court seeking enforcement of a prior judgment by that same court. *See* Notice of Removal, *Van Buren*, 2012 WL 1190842 (ECF No. 1). And although Five Points claims that it also seeks enforcement of a prior judgment, this assertion is belied by the fact that Five Points filed its action in the federal district court and not in the Arizona state court that adjudicated its claims. *See Labertew v. Langemeier*, 846 F.3d 1028, 1033 (9th Cir. 2017) ("[J]udgments are not executed upon in courts that did not issue them.").

3

Contrary to Five Point's critique, we do not suggest that a party is required to raise an unsupported alter ego theory in an underlying action "or lose [reliance on that theory] forever." However, a party is required to raise an alter ego theory by "the appropriate procedure." *See Piaquadio v. Am. Legal Funding LLC*, No. 2:15-cv-00579-GMS, 2016 WL 393638, at *3 (D. Ariz. Feb. 2, 2016). Because Five Points did not file an action with the Arizona trial court seeking to enforce its judgment, *see* Ariz. Rev. Stat. § 12-1551(A), and instead filed an action in federal court raising alter ego as a freestanding claim, the district court properly granted summary judgment.

Costs shall be taxed against Five Points. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**

4