UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACOB BENSON, an individual; JOSEPH BENSON; DEBORAH BENSON, husband and wife; K. B., a minor, by and through Jacob Benson, guardian ad litem,

Plaintiffs-Appellants,

v.

CASA DE CAPRI ENTERPRISES, LLC, an Arizona limited liability company; UNKNOWN PARTIES, named as John Does 1-20; ABC Corporations I-X; XYZ Partnerships I-X,

Defendants-Appellees,

CONTINUING CARE RISK RETENTION GROUP, INC., Garnishee,

Real-party-in-interest-Appellee.

No. 19-16686

D.C. No. 2:18-cv-00006-DWL
District of Arizona,
Phoenix

ORDER

Before: KLEINFELD, HURWITZ, and BRESS, Circuit Judges.

The court's disposition filed on February 2, 2022, is hereby amended. An amended disposition is filed concurrently with this order. With this amended disposition, the panel has voted to deny the petition for panel rehearing. *See* Dkt. 63. No subsequent petitions for panel rehearing or rehearing en banc shall be permitted.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOB BENSON, an individual; JOSEPH BENSON; DEBORAH BENSON, husband and wife; K. B., a minor, by and through Jacob Benson, guardian ad litem, | No.   19-16686 |
| | D.C. No. 2:18-cv-00006-DWL |
| Plaintiffs-Appellants, | AMENDED MEMORANDUM[*] |
| v. | |
| CASA DE CAPRI ENTERPRISES, LLC, an Arizona limited liability company; UNKNOWN PARTIES, named as John Does 1-20; ABC Corporations I-X; XYZ Partnerships I-X, | |
| Defendants-Appellees, | |
| CONTINUING CARE RISK RETENTION GROUP, INC., Garnishee, | |
| Real-party-in-interest-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted October 5, 2020
Submission Withdrawn November 23, 2020
Resubmitted January 31, 2022

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: KLEINFELD, HURWITZ, and BRESS, Circuit Judges.

Appellants ("the Bensons"), appeal a district court order granting a motion by Continuing Care Risk Retention Group ("CCRRG") to compel arbitration, and dismissing the action without prejudice. We have jurisdiction under 9 U.S.C. § 16 and 28 U.S.C. § 1291. Reviewing de novo, *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 981 (9th Cir. 2007), we reverse.

After the Bensons obtained a $1.5 million judgment against Casa de Capri Enterprises, CCRRG's insured, the Bensons sought a writ of garnishment against CCRRG. The district court determined that because the Bensons were seeking to avail themselves of the benefits of Casa de Capri's insurance policy with CCRRG, they were also bound by the policy's arbitration clause under Arizona's doctrine of direct benefits estoppel.

After oral argument, we certified two unresolved questions of Arizona law to the Arizona Supreme Court:

1) In a garnishment action by a judgment creditor against the judgment debtor's insurer claiming that coverage is owed under an insurance policy, where the judgment creditor is not proceeding on an assignment of rights, can the insurer invoke the doctrine of direct benefits estoppel to bind the judgment creditor to the terms of the insurance contract?

2) If yes, does direct benefits estoppel also bind the judgment creditor to the arbitration clause contained in the insurance policy?

2

*Benson v. Casa de Capri Enterps., LLC*, 980 F.3d 1328, 1333 (9th Cir. 2020).

The Arizona Supreme Court granted our request for certification. On January 20, 2022, it issued a decision holding that "[t]he common law doctrine of direct benefits estoppel cannot be invoked in a garnishment action to bind the judgment creditor to the terms of the contract because applying the doctrine in this context would contravene Arizona's statutory garnishment scheme." *Benson v. Casa de Capri Enterps., LLC*, 502 P.3d 461, 463 (Ariz. 2022). The court reasoned that garnishment proceedings in Arizona must "adhere to prescribed statutory procedures," which "include[] the statutory requirement that the trial court—not an arbitrator—resolve all factual and legal issues." *Id.* at 465. Accordingly, "[a]llowing the arbitration clause to control in a garnishment proceeding would undermine the legislature's intent that the trial court decide the issues of law and fact." *Id.* Based on its answer to this question, the court declined to reach the second certified question. *Id.* at 466.

The Arizona Supreme Court's decision confirms that the district court erred in granting CCRRG's motion to compel arbitration under the doctrine of direct benefits estoppel. This result does not conflict with our decision in *Labertew v. Langemeier*, 846 F.3d 1028 (9th Cir. 2017), as CCRRG contends. Although the Arizona Supreme Court in *Benson* invoked procedural rules governing garnishment in explaining its conclusion, whether the doctrine of direct benefits estoppel applies

3

is a substantive question of state law. *Cf. Benson*, 502 P.3d at 465 (explaining that while the Bensons "must prove that the insurer was obligated to insure the loss under the insurance agreement," "[t]his does not mean that the Bensons are bound by or effectively parties to the insurance contract" under state law).

Under *Labertew*, the Federal Rules of Civil Procedure govern in this removed action. *See Labertew*, 846 F.3d at 1034. *Labertew* thus forecloses CCRRG's alternative argument that this case should be dismissed because the Bensons allegedly failed to comply with Arizona garnishment procedures by not filing an objection to CCRRG's answer within ten days. *See id.*

For the foregoing reasons, we reverse the district court's judgment and remand for proceedings consistent with this decision.[1]

**REVERSED AND REMANDED.**

---

[1] CCRRG alternatively argues that the Liability Risk Retention Act of 1986 (LLRA) preempts state law governing the operation of risk retention groups, and apparently by extension precludes Arizona from limiting arbitration provisions in insurance policies provided by a risk retention group. The district court did not address this argument and the Bensons argue that CCRRG did not adequately raise it below. We leave these matters to the district court in the first instance, with the benefit of the Arizona Supreme Court's new guidance.